CITY OF MACOMB
v.
WILLIAM N. TWADDLE.

1. ROAD LABOR NOT A TAX.—The assessment of road labor or payment of commutation in lieu thereof, is not a tax within the meaning of the Constitution, so as to be in conflict with that section providing for the levy of a capitation tax, or that section making property the basis of taxation.

2. NO EXEMPTION TO CITIZENS NOT ABLE-BODIED.—The road labor in question was imposed by virtue of an ordinance of appellant, based upon the provisions of its charter. There being no exception made by the charter or city ordinance in favor of persons not able-bodied, and no constitutional restriction upon the legislation in this respect, the fact that a citizen upon whom the tax is imposed is not able-bodied, constitutes no defense to the imposition of the tax.

APPEAL from the Circuit Court of McDonough county ; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed September 9, 1879.

Mr. JAMES M. BLAZER, for appellant ; that if the tax cannot be collected by judgment and execution, no hardship results, the debtor cannot be imprisoned therefor, cited City of Kinmundy v. Mahan, 72 Ill. 462.

The charter and ordinance are not inconsistent with the general law of the statute : Fox v. City of Rockford, 38 Ill. 451.

Assessment of road labor is not a capitation tax: McBride v. Chicago, 22 Ill. 574; City of Peoria v. Kidder, 26 Ill. 352; Town of Pleasant v. Kost, 29 Ill. 490; Fox v. City of Rockford, 35 Ill. 451.

The legislature has the right to determine what classes of persons shall bear the public burden, and its determination and action are not judicially reviewable unless they are against the Constitution, or unjust in their operation: Dillon on Municipal Corporations, § 588; People v. Mayor, etc. 4 Comst. 419; Brewster v. Syracuse, 19 N. Y. 116; Scovill v. Cleveland, 1 Ohio St. 127.

The court erred in awarding execution against appellant: City of Elgin v. Eaton, 83 Ill. 535; Chicago v. Hasley, 25 Ill. 598; City of Kinmundy v. Mahan, 72 Ill. 462.

Mr. WILLIAM H. TWADDLE, for appellee.

HIGBEE, J. This was a suit by the city of Macomb, to recover from appellee an assessment for a failure to perform street labor under an ordinance of the city.

By its charter, the city was granted the exclusive control of the streets and alleys within its limits, and of the street labor and assessments, to keep the same in repair; and was expressly authorized to pass ordinances requiring every male citizen of the city over the age of twenty-one years, and under the age of fifty years, to labor three days in each year upon the streets and alleys of the city, or in lieu thereof, to pay two dollars within ten days after notification by the supervisor,

and in default of labor or payment, authorizing the recovery of three dollars and costs.

The city passed an ordinance to carry these provisions of the charter into effect, and appellee, a male citizen of the city, over twenty-one years of age, and under fifty, was duly notified to perform labor on the streets and alleys. Appellee refused to perform the labor or pay the commutation tax, for the reason that he was physically unable to labor, and therefore not able-bodied. The trial in the Circuit Court resulted in a judgment against appellant for costs, from which it prosecutes an appeal to this court, and assigns for error the rulings of the court below.

It is now insisted by appellee that the charter and ordinance of the city are in conflict with Secs. 1 and 2 of Article IX, of the Constitution of 1848, under which the city was acting at the time.

The sections are as follows:

" Sec. 1. The General Assembly may, whenever they shall deem it necessary, cause to be collected from all able-bodied, free, white male inhabitants of this State, over the age of twenty-one years, and under the age of sixty years, who are entitled to the right of suffrage, a capitation tax of not less than fifty cents, nor more than one dollar."

" Sec. 2. The General Assembly shall provide for the levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property ; such valuation to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise."   *   *   *

If the street labor which appellee was required to perform is a tax within the meaning of either of these sections, the city had no right to require its performance. The 1st Sec. only authorizes a capitation tax to be imposed upon *able-bodied persons*, and the 2nd Sec. makes property the basis of taxation, and the mode of levying the same to be by valuation.

It is unnecessary to indulge in argument to show that the assessment of road labor, or the payment of commutation in lieu thereof, is not a tax within the meaning of either section

of the Constitution above quoted.   This question we regard as so fully settled by the Supreme Court of this State as to be no longer open to controversy.   Sawyer v. The City of Alton, 3 Scam. 127 ; Town of Pleasant v. Kost, 29 Ill. 490 ; Fox v. The City of Rockford, 35 Ill. 451.

The charter of the city of Macomb makes no exception in favor of persons not able-bodied, and there being no constitutional restriction upon the Legislature in this regard, the law must be regarded as valid.   The power of a State Legislature is not derived from the constitution, but is restricted and regulated thereby.   The Legislature may properly exercise all powers not forbidden by the constitution of the State, or delegated to the General Government, nor prohibited by the constitution of the United States.   The charter and ordinance being valid, we perceive no good reason in this record why appellant is not entitled to recover.   The propriety of requiring persons not able-bodied to perform street labor or pay commutation in lieu thereof in common with other citizens, is a question of policy, to be settled by the legislative department, and the power being conceded, the only duty of the court is to enforce it.   The court below also erred in awarding execution against the city for costs. City of Bloomington v. Brokaw, 77 Ill. 194.   For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.