JOHN P. GALLOWAY, PLAINTIFF IN ERROR, vs. TOWN OF TAVARES, DEFENDANT IN ERROR.

1. The general statutes of this State upon the subject of municipal corporations, in force in 1890, gave no express authority to cities and towns to require resident able bodied male citizens to labor upon the streets and highways thereof.

2. The ordinance of the town of Tavares, providing that all able-bodied male residents thereof should be subject to work upon the streets and highways of said town for six days in each year, does not impose a tax in the sense that such word is used in our Constitution and statutes regulating the power of taxation and the levy, assessment and collection of taxes; neither does such ordinance impose a poll or capitation tax.

3. While the ordinance mentioned in the preceding head-note does not impose a tax within the meaning of the word as therein mentioned, it is still the imposition of a burthen upon the people in the nature of a tax, and the town of Tavares had no legislative authority to pass such an ordinance.

4. The statute (sec. 19, p. 249 McClellan's Digest) which provides that the city and town council shall have power to regulate and control the grading, construction and repairs of all streets, pavements and sidewalks, should not be construed as giving authority to pass the ordinance referred to in preceding head-note, because two different statutes in this State expressly giving such authority have been at different times repealed by the Legislature, thus indicating a legislative policy unfavorable to the grant of such power.

5. Municipal corporations are the creatures of legislation. They have no other power than that granted by the Legislature. Any fair, reasonable doubt of the existence of the power is resolved against the corporation, and the power is denied.

Writ of error to the Circuit Court for Lake county.

The facts in the case are stated in the opinion of the court.

*J. B. Gaines*, for Plaintiff in Error.

*Alex St. Clair-Abrams*, for Defendant in Error.

LIDDON, J.:

The plaintiff in error brought his petition for a writ of prohibition against the defendant in error. The prohibition prayed for was against the enforcement of the collection of a fine adjudged against the petitioner in the mayor's court of the defendant. This fine had been imposed upon a conviction for failing to work the streets of said town as required by an ordinance of the same. The court issued a rule to show cause why the writ should not be issued, which, upon a hearing, was discharged, the writ of prohibition was denied, and the costs adjudged against the petitioner

From this judgment the petitioner sued out a writ of error.

Only one ground was urged in the court below why the writ should be granted, and only one legal question is presented to us by the parties to the record, i. e., the validity of the municipal ordinance under which the fine was adjudged against the petitioner. Both parties expressly waive all matters of practice and procedure, and join in a request that the court, without reference to such questions, determine the vital important question involved in the controversy, and affirm or reverse the judgment of the Circuit Court as we may adjudicate the ordinance to be valid or invalid.

Without setting forth the ordinance at length, it is sufficient to say that it provided that all able-bodied male residents of the town of Tavares between the ages of eighteen and sixty years should be subject to work upon the streets and highways of said town for six days in each year. Any person liable to such duty might be relieved therefrom by furnishing a substitute, or by paying one dollar for each day he is liable to work. A penalty was prescribed for violation of the ordinance. It is contended upon the part of the plaintiff in error that the ordinance in question imposes a tax for which there is no legislative authority; that such tax is in effect a poll or capitation tax, and forbidden by the Constitution of this State. By the defendant in error it is claimed that the ordinance in question is not a revenue measure; that it is not a capitation or poll tax; that it is not the imposition of a tax at all, within the meaning of the Constitution and statutes regulating the assessment and collection of taxes, but a police regulation; and that the power to make the same is incidental to the control given by ✦

the Legislature over streets and highways of the city or town to the municipal authorities. From this diversity of view we must evolve the law of the case.

There is no statute in force in this State giving express authority to cities or towns to require resident able-bodied male citizens to labor upon the streets and highways thereof. An old act of 1829 (sec. 11, p. 27 Duval's Comp.) provided that citizens of cities, towns and villages shall be bound to keep all public roads and streets in the limits of such cities, etc., in good repair, agreeable to such rules and regulations as the corporation may prescribe. This was a section of a general act concerning roads, highways and ferries, and even if it remained in force so long, was swept out of existence by the act of 1845 (Chapter 53 laws of Florida; Thompson's Digest, sec. 139), which was a general revision of the same subject-matter. An express authority was granted to the presidents and trustees of towns to require every able-bodied male resident of said town to labor in the streets and allies of the same not more than eight days in each year, by the act of 1846 (Thompson's Digest, pp. 271, 272). This act, however, was repealed, because not included in the general act for incorporating cities and towns of 1868, which was itself repealed by the act of 1869; said acts being general revisions of the whole subject-matter. Jernigan vs. Holden, 34 Fla. 530, 16 South. Rep. 413. The question as to whether a requirement of labor upon the public highways and streets is a tax, is one of much difficulty, and about which there is apparently conflict of authority. It is admitted that if such a requirement is a tax, as the word is used in our Constitution and statutes regulating the power of taxation by municipal corporations, that the ordinance is void for want of legislative authority to impose such tax.

Speaking upon the subject, Cooley on Taxation says: "A levy is sometimes made payable in labor; but this has commonly been restricted to the labor needed to keep the highways in repair; and while it is in its nature a tax, it partakes, to some extent at least, of a police regulation. Neither in common speech nor in the customary revenue legislation would a burden of this nature be understood as embraced in the term tax; and statutory provisions for assessment are not therefore applicable to it unless made so in express terms." Cooley on Taxation (2d ed.), pp. 14, 15. Another eminent authority upon the same subject says: "The word 'taxes' must, in the absence of a clear indication to the contrary be considered to refer exclusively to the ordinary public taxes, and to be used in the sense of money, and not labor or imposts; the intent is to be deduced from the instrument in which the terms are used. The assessment of road labor or payment of commutation in lieu thereof is not a tax." Desty on Taxation, p. 6. In Town of Pleasant vs. Kost, 29 Ill. 490, it was held that "an assessment of labor for repair of roads is not a tax," and also that it was not a capitation or poll tax; and to same effect is Fox vs. City of Rockford, 38 Ill. 451, and City of Macomb vs. Twaddle, 4 Ill. App. 254. Other useful authorities upon the same subject are, Overseers of Amenia vs. Overseers of Stanford, 6 Johnson 92; Short vs. State, 80 Md. 392, 31 Atl. Rep. 322; Johnston vs. Mayor, etc., of Macon, 62 Ga. 645; Sawyer vs. City of Alton, 3 Scammon, 127; Town of Starksboro vs. Town of Hinesburgh, 13 Vt. 215; State vs. Commissioners of Halifax, 4 Dev. 345.

Several of the authorities above cited take the view that a requirement of labor upon the public highways is not a tax, but a public burthen, and one put upon

the same plane as the burthens of jury and militia duty. In view of these authorities, and of the fact that the system of working the public highways of the State by requirements of labor of citizens, has long prevailed in this State, that it has never been looked upon as a tax, that the regulations in regard thereto have never been included in revenue acts, and the en- forcement of them has never been confided to the as- sessors and collectors of taxes, we do not think that the ordinance in question can be said to impose a tax, in the sense that the word is used in our Constitution and statutes regulating the power of taxation and the levy, assessment and collection of taxes. Neither do we think that it is a poll or capitation tax, which our Constitution provided shall not exceed one dollar per year (sec. 5, Art. IX, Constitution of 1885).

We do, however, think the ordinance was invalid for want of legislative authority to enact the same. While the requirements of labor upon the streets as stated is not a tax within the meaning of the Constitu- tion and statutes regulating the assessment and collec- tion of taxes, still it is the imposition of a burthen upon the people in the nature of a tax. 2 Dillon on Municipal Corporations, 762; Cooley on Taxation, *su- pra*. The statutes of this State provide many matters upon which city and town authorities may pass ordi- nances. As before stated, there is none which gives authority to pass the ordinance in question. If, under ordinary circumstances, we could construe the act (sec. 19, p. 249 McClellan's Digest), which provides that the city or town council shall have power to regulate and control the grading, construction and repairs of all streets, pavements and sidewalks, as giving authority to pass the ordinance on question, we could not do so under the circumstances stated, that statutes giving

such powers to such corporations have twice been repealed in this State. These successive repeals indicate, in our opinion, a legislative policy unfavorable to the grant of such power. Municipal corporations are the creatures of legislation. They have no other power than that granted by the Legislature. Any fair, reasonable doubt of the existence of the power is resolved by the courts against the corporation and the power is denied. 1 Dillon on Municipal Corporations, sec. 89.

The order of the Circuit Court discharging the rule and denying the writ of prohibition is reversed with directions that such further proceedings be had in the case as may be consistent with law and this opinion.