State ex rel. Worley v. Lewis.—Syllabus.

---

STATE OF FLORIDA, *ex rel.* O. A. WORLEY, *Plaintiff in Error,* v. M. A. LEWIS, MARSHAL OF THE CITY OF JASPER, FLORIDA, *Defendant in Error.*

1. A municipal corporation can exercise only such powers as are granted to it in express terms, or those necessarily or fairly implied in or incident to the powers expressly granted, or those that are essential and indispensable, not simply convenient, to accomplish the objects and purposes of the corporation. Any fair, reasonable doubt concerning the existence of any power is resolved by the courts against the corporation.

2. Schedule B of Chapter 5597 of the Laws of 1907 authorizes the imposition of a license tax by cities of 1,000 to 3,000 inhabitants upon any express company having an office therein of a sum not to exceed $25.00, and Chapter 5811 of the Laws of 1907 neither in express terms nor by implication authorizes the City of Jasper to impose such license tax for a greater amount than $25.00.

3. An ordinance passed by a city having less than 3,000 inhabitants imposing a license tax of $50.00 upon express companies is unauthorized and illegal, and one arrested for the alleged violation thereof it entitled to be discharged from custody upon a writ of *habeas corpus.*

This case was decided by Division B.

Writ of Error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*Kay, Doggett & Smith* and *M. F. Horne,* for plaintiff in error.

*B. B. Johnson,* for defendant in error.

SHACKLEFORD, C. J.—O. A. Worley filed the following petition for a writ of *habeas corpus* in the circuit court for Hamilton county:

"To the Honorable B. H. Palmer, Judge of said court.

O. A. Worley, a citizen of Jasper, Hamilton county, Florida, would respectfully show and represent unto your Honor, that he is being detained in custody, charged with a pretended criminal offense, and that he is being so detained in custody without lawful authority by M. A. Lewis, city marshal of Jasper, Florida, upon a false and pretended charge, that this petitioner had violated the provisions of an ordinance of said city, and that said ordinance of said city is illegal, unlawful and unconstitutional, in this, that said petitioner is being held and deprived of his liberty upon a charge, that he knowingly acted as the agent of the Southern Express Company at Jasper, Florida, before he had paid the license tax of the said Southern Express Company, amounting to fifty dollars, when said ordinance could not lawfully provide for, or require the payment of a greater sum than twenty-five dollars, for such license tax under the laws of the state of Florida, Wherefore the undersigned prays, that a writ of *habeas corpus* be issued in terms

of the law, directed to the said M. A. Lewis requiring him forthwith, to bring the body of the said O. A. Worley before your Honor, together with his cause of detention, that the same may be inquired into, and your petitioner will ever pray, etc."

The writ was granted.

The defendant, M. A. Lewis, marshal of the city of Jasper, made return that he held the said Worley by virtue of a warrant issued by the mayor of the city of Jasper, a copy of which is attached as an exhibit.

At the hearing before the circuit judge an agreed statement of facts was filed in the effect that the city of Jasper, having a population of 2,000, had passed an ordinance on the first day of October, 1907, fixing the amount of license tax for express companies doing business in such city at $50.00 per annum and providing that: "The superintendent of any express company violating the provisions of the ordinance, and any person who knowingly acts as agent for any express company, before he has paid the above license tax, payable by the said company, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished respectively by a fine of not less than $50.00, nor more than $200.00, or by imprisonment in the city jail for not less than three months, nor more than six months."

It was further agreed that Worley had knowingly acted as agent of the Southern Express Company, a corporation doing business in such town, which had failed, neglected and refused to pay such license tax of $50.00, for the reason that such city could not lawfully by ordinance provide or require the payment of a greater sum than $25.00, which amount the Southern Express Company had been willing and ready to pay. These are the only facts we deem it necessary to set forth.

At the hearing the circuit judge held that the petitioner was not entitled to be discharged and entered a

judgment remanding him to the custody of M. A. Lewis, marshal of the city of Jasper. To review this judgment writ of error has been duly ordered and taken.

We find in schedule B of chapter 5597 of the laws of 1907, on page 48 of such laws, the following provision relating to the license tax to be paid by express companies:

"Express companies, seven thousand five hundred dollars to be paid to the comptroller on the 1st day of October of each and every year, in lieu of state and county license taxes.

That any city or town in the state of Florida is hereby authorized to impose upon any express company doing business in this state having an office in such city or town, a license tax not to exceed the sum hereinafter mentioned namely:

In cities of 20,000 inhabitants or more, $200.00.

In cities of 15,000 to 20,000 inhabitants, $100.00.

In cities of 10,000 to 15,000 inhabitants, $75.00.

In cities of 5,000 to 10,000 inhabitants, $50.00.

In cities of 3,000 to 5,000 inhabitants, $37.50.

In cities of 1,000 to 3,000 inhabitants, $25.00.

In towns or villages of 500 to 1,000 inhabitants, $12.50.

In towns or villages of 250 inhabitants, $6.00

For purposes of this act the population of any city or town or county shall be held to be that shown by the last official census taken by the United States or the state of Florida or that may be taken as now provided by law. That of the sum paid to the comptroller as provided by this act thirty-seven hundred and fifty dollars shall be distributed by the said comptroller among the various counties of this state in proportion to the assessed valuation thereof as shown by the assessment of the previous year and the remaining thirty-seven hundred and fifty

574    SUPREME COURT OF FLORIDA,

State ex rel. Worley v. Lewis.—Opinion of Court.

dollars shall be turned over to the treasurer of the state of Florida as license money.

The superintendent of any express company violating the provisions of this act and any person who knowingly acts as agent for any express company before it has paid the above license tax payable by said company shall be deemed guilty of a misdemeanor, and upon conviction thereof shall punished respectively by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than six months, or by both such fine and imprisonment, in the discretion of the court. The license tax herein specified shall be due and payable on October 1, 1907, and on the corresponding day of each year thereafter."

This chapter was approved June 1, 1907, and the last section thereof, which is numbered 17, is as follows:

"That all laws and parts of laws in conflict with the provisions of this act are hereby repealed; but nothing in this act contained shall be held to repeal an act passed at the present session, entitled 'An act to impose license taxes on railroad companies.' "

It is contended by the defendant in error that, under chapter 5811 of the laws of 1907, the city of Jasper is not limited or bound by the provisions of chapter 5597 of the laws of 1907, but that it had the power to lawfully impose a license tax of $50.00 upon express companies, therefore the ordinance in question is valid. The only provision in this chapter relating to the imposition of license taxes by the city of Jasper is contained in section 23, which is as follows:

"The city council shall have full power by ordinance, to collect license or taxes on privileges, occupations and professions, and to require and enforce the payment of a license tax on all business privileges, occupations or professions. To license, tax or regulate auctioneers, taverns, hotels, boarding houses, restaurants, markets,

## VOL. 55, JANUARY TERM, 1908    575

State ex rel. Worley v. Lewis.—Opinion of Court.

banks and peddlers; provided that nothing in this act shall be taken and considered as limiting the charge or power of said city to tax, license or regulate the business profession or undertaking; to license, tax and regulate hacks, carriages, cars, omnibuses, wagons, carts, drays and to fix the rate to be charged for the carriage of persons or property within city limits. To license, tax and regulate theaters or other exhibitions, shows, circuses, parades, or other places of amusements. To license, tax and regulate the sale of spirituous, vinous or malt liquors, but no license granted by said city for such purposes shall be construed to give the licensee any right or privilege except so far as said city is concerned, and when there has been held an election in Hamilton county to decide whether the sale of spirituous, vinous or malt liquors shall be prohibited therein, and when the results of said election shall be against such sale, and during the time that such local option regulations may be in force and effect, the city may prohibit by ordinance, the sale of intoxicating liquors, wines or beer within said city, and prescribe a punishment thereunder."

The last section of this chapter provides that it shall take effect from and after its passage and its approval by the governor, and we find that it was approved on the 23rd day of May, 1907.

Some attack is made upon the title of this chapter, but, in view of the conclusion reached, it becomes unnecessary for us to go into a discussion of that question. For the purposes of this case we shall assume without deciding that such chapter is valid and constitutional.

As was held by this court in Florida Central and Peninsular Railroad Company v. Ocala Street and Suburban Railroad Company, 39 Fla. 306, 22 South. Rep. 692: "The well established rule is that a municipal corporation can exercise only such powers as are granted to it in express terms, or those necessarily or fairly im-

plied in or incident to the powers expressly granted, or those that are essential and indispensable, not simply convenient, to accomplish the objects and purposes of the corporation." Also see Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 South. Rep. 677, S. C. 51. Amer. St. Rep. 229, 30 L. R. A. 540, wherein it was also held that "any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the incorporation." Also, as was held in Galloway v. Town of Tavares, 37 Fla. 58, 19 South. Rep. 170: "Municipal corporations are the creatures of legislation. They have no other power than that granted by the legislature. Any fair, reasonable doubt of the existence of the power is resolved against the corporation, and the power is denied."

Is it not reasonable to presume that, if the legislature had intended to confer upon the city council of the city of Jasper the power to levy a license tax upon express companies and fix the amount thereof without regard to the general law upon the subject, it would have done so in plain and unmistakable terms? See the language used by the same legislature in conferring power upon the city council of the city of Tampa to fix the amount of license taxes, in section 20 of chapter 5859, laws of 1907, found on page 708. Also see the discussion in Canova v. Williams, 41 Fla. 509, 27 South. Rep. 30, of such power conferred upon the city of Jacksonville. As we have already seen, under the decisions of this court, if we had any reasonable doubt upon the point it would have to be resolved against the existence of such power upon the part of the city of Jasper. However, when we consider the language used in section 23 of chapter 5811 in connection with that portion of chapter 5597, which we have copied above, and bear in mind that both chapters were enacted by the same legislature, we have no doubt that such power was not conferred

upon the city council of the city of Jasper as is contended by the defendant in error. Further discussion would be useless. That section of the ordinance imposing a license tax of $50.00 upon express companies was unauthorized and is illegal. It follows that the judgment must be reversed and the case remanded with directions to discharge the petitioner from custody.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.