F. A. HARDEE, MARSHAL OF THE CITY OF MIAMI, A MUNICIPALITY, *Plaintiff in Error,* v. R. E. BROWN, AGENT OF THE SOUTHERN EXPRESS COMPANY, A CORPORATION, *Defendant in Error.*

1. Where a writ of error returnable before the Supreme Court is issued by the Clerk of the Circuit Court, it is not necessary to formally *file* the writ in the Circuit Court. The original writ should be returned to the Supreme Court.

2. Habeas Corpus cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judg-

Hardee v. Brown.—Syllabus.

ment is erroneous, when the Court has jurisdiction of the person and the conviction is of an offense under the law and within the jurisdiction of the Court to try.

3. A person held in custody under a sentence of a municipal court upon a conviction on a charge based on an ordinance alleged to be void, may test the validity of the ordinance in habeas corpus proceedings, and may be discharged from custody if the ordinance is void.

4. Municipalities are legal entities established for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear. When the authority to act appears, the correctness of the action taken thereunder may be presumed until the contrary is shown.

5. Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable alike to all under practically similar conditions and circumstances, and should not violate any provision or principle of law.

6. There is no express limitation upon the power of the legislature to provide for levying a tax on licenses; but such power should not be so exercised as to deprive any person of property without due process of law, or so as to deny to any person the equal protection of the laws.

7. As contemplated by the constitution the effect of the provisions of the general license statute that any city of five thousand inhabitants may impose upon any express company doing business in such city, a license tax of fifty dollars, and that this shall not abridge or limit the powers granted to municipalities by special act to impose license taxes, is to provide a uniform authority to municipalities to impose the specified license tax where no inconsistent power is given by special act.

8. The constitution of the State expressly authorizes the legislature to pass special laws conferring powers upon municipalities and the legislature may authorize municipalities to impose license taxes.

9. By its charter act the City of Miami has power by ordinance to impose license taxes upon privileges, businesses and occupations, and such license taxes are not controlled by the general revenue law of the State as to amounts.

10. The authority given the City of Miami in its charter act does not appear to offend organic law, and the ordinance of the city imposing one hundred dollars license tax upon express companies is not shown to be violative of the constitution and laws of the United States, which is one of the express limitations of the charter act, and would be implied if not expressed.

11. Where a license tax is imposed upon express companies with reference to intrastate business, the fact that interstate business is also done by the company does not relieve it of the tax if it desires to do intrastate business.

This case was decided by Division A.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Redmond B. Gautier,* for plaintiff in error;

*Price & Rand,* for defendant in error.

WHITFIELD, J.—The defendant in error presented to the judge of the circuit court for Dade county, a petition alleging that he is unlawfully detained in the custody of F. B. Hardee, marshal of the city of Miami, upon a

charge of failing to pay the license tax imposed upon the Southern Express Company, for the year beginning October 1st, 1907, that petitioner is agent of said company and is liable as such agent for a proper occupation tax, that said company is doing business in the city of Miami, that petitioner has been ready at all times to pay the occupation tax of fifty dollars prescribed by law, while the city requires the payment of one hundred dollars as said occupation tax, which is unlawful.

The return of the marshal is that he holds petitioner under a judgment of the municipal court imposing a fine for doing business as agent of the express company without paying the one hundred dollars required of him.

A writ of *habeas corpus* was prayed and issued. An agreement was filed in effect conceding the facts alleged in the petition, and also that petitioner is manager of the Southern Express Company at Miami, and that the city of Miami has a population of between five and ten thousand people. The defendant moved to quash the writ on the ground that the validity of the city ordinance exacting the greater license cannot be tested in *habeas corpus*. This motion was denied and defendant took an exception. The circuit judge discharged the petitioner from the custody of the marshal, and granted a writ of error to the defendant.

Section 2257, of the General Statutes provides that the judge hearing the cause, or a Justice of the Supreme Court, shall grant to any party aggrieved by the judgment in a *habeas corpus* proceeding, including the State or any officer, or political subdivision thereof, a writ of error returnable to the Supreme Court.

It is essential that the writ of error be granted by the judge who heard the cause, or by a Justice of the Supreme Court, as required by the statute. See State *ex rel.* Porter v. Vinzant, 49 Fla. 130, 38 South. Rep. 366;

Wright v. State, 32 Fla. 472, 14 South. Rep. 43. See also Ex parte Cox, 44 Fla. 537, 33 South. Rep. 509, 61 L. R. A. 734.

The defendant in error moved to dismiss the writ of error because it was not served according to law or filed in the office of the clerk of the circuit court. The writ of error was issued under section 1698, by the clerk of the trial court. Such a writ is a writ of this court though issued by the clerk of the circuit court, and the original writ is required to be returned to this court. See First Nat. Bank of Orlando v. King, 36 Fla. 25, 18 South. Rep. 1.

The writ of error was issued by the clerk of the circuit court and this is a sufficient service and filing of it in the circuit court, the judgment of which is complained of, as required by section 1698 of the General Statutes. The transcript states that the writ of error "was issued and filed."

Upon writ of error in *habeas corpus* proceedings, it is necessary in order to give the appellate court jurisdiction of the person of the defendant in error that a *scire facias* be properly issued and served as was done in this case, unless it be waived by appearance or otherwise. See Belch v. Manning, 55 Fla. 229, 46 South. Rep. 91.

The motion to dismiss the writ of error is denied.

*Habeas corpus* cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judgment and sentence is erroneous when the court has jurisdiction of the person and the conviction is of an offence under the law and within the jurisdiction of the court to try. Ex parte Bowen, 25 Fla. 214, 6 South. Rep. 65; Ex Parte Prince, 27 Fla. 196, 9 South. Rep. 659, 26 Am. St. Rep. 67; Bronk v. State, 43 Fla. 461, 31 South. Rep. 248, 99 Am. St. Rep. 119; Ex parte Williams, 26 Fla. 310, 8 South. Rep. 425.

" Where a person is held in custody under a judgment of conviction and the judgment and sentence is assailed on the ground that it is void because it is based on a charge made under an invalid provision of a statute, and the charge constitutes no offence under the laws of the State, the validity of the statute defining the offense may be determined in *habeas corpus* proceedings. Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786; Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747; Ex parte Baily, 39 Fla. 734, 23 South. Rep. 552.

A person held in custody under a sentence of a municipal court upon a conviction on a charge based on an ordinance alleged to be void may test the validity of the ordinance in *habeas corpus* proceedings and may be discharged from custody if the ordinance is void. State *ex rel.* Worley v. Lewis, 55 Fla. 570, 46 South. Rep. 630; Ex parte Sims, 40 Fla. 432, 25 South Rep. 280; Ex parte Theisen, 30 Fla. 529, 11 South. Rep. 901, 32 Am. St. Rep. 36.

Municipalities are legal entities established for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear. When the authority to act appears the correctness of the action taken thereunder may be presumed until the contrary is shown.

Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable to all under practically similar conditions and circumstances, and should not violate any provision or principle of law. See State *ex rel.* v. Tampa Water Works Co., 56 Fla. 47 South. Rep. 358; Florida Cent. & P. R. Co. v.

Ocala St. & S. R. Co., 39 Fla. 306, 22 South. Rep. 692;
Galloway v. Town of Tavares, 37 Fla. 58, 19 South.
Rep. 170; Hayes v. Walker, 54 Fla. 163, 44 South. Rep.
747.

The constitution contains the following provisions:
Section 24, Article III, "The legislature shall establish
a uniform system of county and municipal government,
which shall be applicable except in cases where local or
special laws are provided by the legislature that may be
.inconsistent therewith." Section 8, Article VIII, "The
legislature shall have power to establish and to abolish
municipalities, to provide for their government, to pre-
scribe their jurisdiction and powers, and to alter or
amend the same at any time." Section 5, Article IX,
"The legislature may also provide for levying * * * a
tax on licenses."

There is no express limitation upon the power of the
legislature to provide for levying a tax on licenses; but
such power should not be so exercised as to deprive any
person of property without due process of law, or so as
to deny any person the equal protection of the laws.

Chapter 5597, Acts 1907, contains the following pro-
visions: "Section 8.   Any city or town in the State of
Florida is hereby authorized to impose upon any express
company doing business in this State having an office in
such city or town, a license tax not to exceed the sum
hereinafter mentioned, namely * * * in cities of five
thousand to ten thousand inhabitants, fifty dollars."
"Section 16.   That nothing in this act shall be construed
as in any way abridging or limiting the powers which
have been granted or may be granted to any municipal
corporation by special act or charter act for the purpose
of requiring the payment of license taxes."

Chapter 5823, Acts of 1907, establishing the munic-
ipality of the city of Miami, provides: Section 20: The

city council shall have the power to make * * * such ordinances in writing * * * not inconsistent with this charter, the constitution and laws of the United States, as they may deem necessary: provided, a majority of the city council shall assent thereto. They shall have power to pass all such ordinances and prescribe penalties for the violation thereof, as may be necessary * * * to license privileges, business, occupations and professions carried on and engaged in within the city limits, and the amounts of such license and the amounts of such license taxes shall be fixed by city ordinance, which amounts of said taxes shall not be dependent upon a general State revenue law."

The ordinance of the city of Miami fixes the license tax for each express company having an office in the city at one hundred dollars.

It is contended that as Chapter 5823, establishing the city of Miami, became effective May 27th, 1907, and Chapter 5597, relating to license taxes became effective sixty days after the final adjournment of the legislature, the latter act repealed the former act in so far as it is inconsistent therewith, particularly since the latter act contains a provision "that all laws and parts of laws in conflict with the provisions of this act are hereby repealed."

Chapter 5597 prescribes the license tax that may be imposed by any city of the State having the population of the city of Miami, and also expressly provides that nothing in the act shall be construed as in any way abridging or limiting the powers which have been granted or may be granted to any municipal corporation by special or charter act for the purpose of requiring the payment of license taxes.

The effect of this statute is as contemplated by the constitution to provide a uniform authority to the cities

and towns of the State to impose the specified license tax where no inconsistent authority is given to any municipal corporation by special or charter act. The special charter act establishing the city of Miami expressly and specifically enacts that the city council may pass ordinances and prescribe penalties for the violation thereof, to license privileges, business, occupations and professions carried on and engaged in within the city limits, and the amounts of such license taxes shall be fixed by city ordinance and shall not be dependent upon a general State revenue law. The general act Chapter 5597 became effective subsequent to the special charter act Chapter 5823, but it does not repeal any provision of the special act, although it in terms repeals all laws and parts of laws in conflict with its provisions, since the special act is not in conflict with the provisions of the general act, when the provision of the general act, excluding its operation where special or charter acts are inconsistent therewith, is considered in connection with the sections of the constitution above quoted. There is no express repeal of the provisions of the special act, and no intent to repeal such provisions by implication is apparent in the general act. See State v. South. L. & T. Co. 45 Fla. 374, 33 South. Rep. 999.

The authority given the city of Miami in the special charter act does not appear to offend organic law, and the ordinance imposing one hundred dollars license tax upon the express company is not shown to be violative of the constitution or laws of the United States which is one of the express limitations of the charter act, and would be implied if not expressed.

In the case of State ex rel. Worley v. Lewis, 56 Fla. , 46 South. Rep. 630; legislative authority was not conferred upon the municipality to impose a license tax different from that specified in the general license law.

57 Fla.—25.

The legislature possesses all the law-making power of the State and the limitations upon the exercise of that power are confined to those contained in the State and Federal Constitutions. The constitution of the State expressly authorizes the legislature to pass special laws conferring powers upon municipalities and does not expressly limit the power of the legislature in providing for the levy of license taxes. The legislature may authorize municipalities to impose license taxes. See Canova v. Williams, 41 Fla. 509, 27 South. Rep. 30. Authority to impose license taxes is a useful municipal power, and it does not appear that the authority conferred by the charter act deprives any one of property without due process of law or denies to any one the equal protection of the laws. Nor is it made to appear that the ordinance imposing the one hundred dollars license tax upon express companies doing business in the city is violative of the constitution guarantees of the property rights, or that it is unreasonable or unjustly discriminatory.

No question of interstate commerce is involved, since the license tax is imposed with reference to intrastate business, and the fact that the company is also engaged in interstate business does not relieve it of the tax if it desires to do intrastate business. Osborne v. State, 33 Fla. 162, 14 South. Rep. 588, 39 Am. St. Rep. 99, 25 L. R. A. 120, 164 U. S. 650.

The ordinance under which the conviction and sentence were had is not void upon the ground alleged; and as no other fatal defect in the ordinance is made to appear, the judgment discharging the defendant in error from custody is erroneous and is hereby reversed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.