JOHN WALLER, MARSHAL, *Plaintiff in Error*, v. JOHN C. OSBAN, *Defendant in Error*.

1. Municipalities are legal entities established for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear. When the authority to act appears, the correctness of the action taken thereunder may be presumed until the contrary is shown.

2. Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable alike to all under practically similar conditions and circumstances, and should not violate any provision or principle of law.

3. Where cattle running at large in a city are taken up and impounded under ordinances authorized by the legislature, the regulation operates upon the cattle and not upon the owner thereof except as the owner is affected by the disposition made of the cattle. The residence of the owner of the cattle is not material where the regulation operates on the cattle and does not undertake to impose a fine or liability upon persons not within the jurisdiction of the municipality.

4. An ordinance must be duly passed and must be reasonable and not in conflict with any controlling provision or principle of law.

5. If in its enforcement a city ordinance is shown to be unreasonable the law affords a remedy.

6. Under the statutory authority given the city of Titusville "to regulate, license, tax or suppress by fine or imprisonment the keeping and allowing to go at large of all animals  *   *   * within the city, to impound the same and in default of redemption in pursuance of ordinance, to sell, kill or otherwise dispose of the same" and "to pass all ordinances necessary to the health, peace, convenience, good order and protection of the

citizens," the municipality may by ordinance provide for impounding cattle found at large in the city even though their owners do not reside in the city.

7. The ordinance passed does not appear to be so unreasonable as to be void on its face.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Geo. M. Robbins,* for Plaintiff in Error;

*Hudson & Boggs,* for Defendant in Error.

WHITFIELD, C. J.—The municipal authorities of the city of Titusville, Florida, impounded cattle found running at large within the city, and the owner of the cattle recovered them in an action of replevin and the city authorities took writ of error. The question to be determined is the power of the city to impound cattle found at large within its limits whose owners do not reside in the city.

Section 24 of Article 3 of the constitution provides that "The legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith." Section 8 of Article 8 provides that "The legislature shall have the power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. Section 1046 General Statutes

authorizes the city to regulate the running at large of cattle within the city limits and to impound cattle so running at large. Section 1105 provides that "No city or town in this State with less than twelve hundred *bona fide* inhabitants shall have authority or right to impound any cattle of residents who live without the limits of its corporation.

Chapter 6108, Acts of 1909, entitled "An Act to abolish the present municipal government of the town of Titusville, in the county of Brevard, and State of Florida, and to establish, organize and constitute a municipality to be known and designated as the City of Titusville, and to define its territorial boundaries, and to provide for its jurisdiction, powers and privileges," contains a provision "that the city council shall have power * * * to regulate, license, tax or suppress by fine or imprisonment the keeping and allowing to go at large of all animals, fowls, and domestic birds within the city, to impound the same and in default of redemption in pursuance of ordinance, to sell, kill or otherwise dispose of the same," and "to pass all ordinances necessary to the health, peace, convenience, good order and protection of the citizens, and to carry out the full extent and meaning of this act." The municipality adopted an ordinance that "No * * * steer, cow or other cattle, * * * shall be allowed to run at large at any time within the corporate limits of the city, whether the owner thereof lives within or without the same;" and provides for impounding the animals found at large in the city.

Municipalities are legal entities established for local governmental purposes, and they can exercise only such authority as is conferred by express or implied provisions of law. The existence of authority to act cannot be assumed, but it should be made to appear. When the authority to act appears, the correctness of the action

taken thereunder may be presumed until the contrary is shown. State ex rel. v. Lewis, 55 Fla., 570, 46 South. Rep. 606.

Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable alike to all under practically similar conditions and circumstances, and Should not violate any provision or principle of law. Hardee v. Brown, 56 Fla., 377, 47 South. Rep., 834.

Under the above constitutional provisions the legislature had power to authorize any municipality in this State to regulate the running at large of animals within the corporate limits whether the owners live in the city or not; and as an incident thereto to impound those found at large in the city, notwithstanding the terms of Section 1105 of the General Statutes of 1906 above quoted. See Hardee v. Brown, *supra;* Porter v. Vinzant, 49 Fla., 213, 38 South. Rep., 607; 2 Cyc. 452. The general law is superseded by the applicable special charter provision.

The title of the act set out above is sufficient to cover the provision "to regulate * * * the keeping and allowing to go at large of all animals * * * within the city, to impound the same," &c, and such provision gives the city power to pass the ordinance above referred to.

Where cattle running at large in a city are taken up and impounded under ordinances authorized by the legislature, the regulation operates upon the cattle and not upon the owner thereof except as the owner is affected by the disposition made of the cattle. The residence of the owner of the cattle is not material where the regulation operates on the cattle and does not undertake to impose a fine or liability upon persons not within the jurisdiction

of the municipality.  See Jones v. Hines, 157 Ala., 624, 47 South. Rep., 739.

The ordinance must be duly passed and must be reasonable and not in conflict with any controlling provision or principle of law.  While some of the provisions of the ordinance appear to be harsh and perhaps excessive in the charges authorized, yet it cannot be said on the showing here made that the ordinance on its face is so unreasonable as to be void.  If its enforcement is shown to be unreasonable the law affords a remedy.

The judgment is reversed.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.