J. W. POUNDS, AS CHIEF OF POLICE, *Plaintiff in Error, v.* L. E. DARLING, *Defendant in Error.*

Opinion filed January 21, 1918.

1.  The validity of a statute or city ordinance may be tested upon a writ of *habeas corpus.*

2. *Habeas corpus* will not lie to test the guilt or innocence of one charged with an offense under a valid act or ordinance, but the court will enquire into the facts to ascertain whether under the circumstances the act or ordinance is a valid exercise of legislative power.

3. To be valid a city ordinance must be reasonable and not in conflict with any controlling provision or principle of law, should be within the powers expressly or impliedly conferred and if any doubt as to the extent of a power attempted to be exercised by a municipality out of the usual range or which may affect the common law rights of a citizen it is to be resolved against the municipality.

4. Non-navigable bodies of water may be the subject of private ownership.

5. A city ordinance which forbids any one to bathe in a lake lying wholly within the city limits from which the city's water supply is drawn, but which lake is the private property of persons whose lands border thereon and the city has acquired no rights to the water of the lake by purchase or eminent domain is invalid as being equivalent to depriving persons who own the lake of their property without just compensation or due process of law.

Writ of Error to Circuit Court for Orange County, J. W. Perkins, Judge.

Judgment affirmed.

*Davis & Giles*, for Plaintiff in Error;

*Dickinson & Dickinson*, for Defendant in Error.

ELLIS, J.—This case comes here by writ of error to the judgment of the Circuit Court for Orange County discharging the defendant in error, upon *habeas corpus*, from the custody of the plaintiff in error as chief of police of the City of Orlando.

Darling was arrested upon a warrant issued by the city clerk of the city of Orlando which charged Darling with a violation of an ordinance of the city by bathing in Lake Concord. He was duly and regularly tried in the mayor's court of the city for the offense charged, was convicted and sentenced to pay a fine of fifty dollars or be confined in the city jail for a term of thirty days. He was after such conviction and sentence taken into custody of the chief of police of the city, and applied to the Circuit Court for his release on *habeas corpus*. The judge of the Circuit Court held the ordinance under which Darling was tried and convicted to be invalid and ordered the prisoner to be discharged.

The petition for the writ of *habeas corpus* discloses the following facts: The city of Orlando is incorporated under a special act of the legislature and has the general powers of cities and towns incorporated under the general law; that located within the city is Lake Concord which covers an area of about forty acres, and ranges in depth from a "few feet to ten or fifteen feet;" that the lake is not meandered and is owned by private parties who own the lots bordering thereon; that the petitioner owns a lot bordering on the lake, which lot extends several hundred feet into the lake; that in April, 1917, the city of Orlando by ordinance prohibited bathing in the lake, and at the same time granted to a private corporation, *viz*, Orlando Water & Light Company, a right to draw water from the lake in order to supply the city with which it had a contract with water for municipal purposes; that neither the city nor the water company had taken the waters of the lake under any legal proceeding to subject them to the public use, nor had any compensation been allowed to the property owners for the waters so taken; that in July, 1917, the petitioner went in bathing in the

lake on his own premises, was arrested for violating the city ordinance mentioned, tried in the municipal court of the city, convicted and sentenced; that one McIntosh owns a lot bordering on the lake adjacent to petitioner's lot and conducts a bath house thereon charging a certain fee or compensation to every one who bathes in the water of the lake on his premises; that the city of Orlando does not own any of the waters of the lake, nor any land bordering thereon; that for many years prior to the passage of the ordinance prohibiting bathing in the lake the people who owned lots bordering thereon had bathed and swum therein.

The petitioner contends that the ordinance of the city under which he was arrested and convicted is void because it is an attempt to take private property for public use without just compensation, and without due process of law, and thus violates both the Federal and State Constitutions.

The plaintiff in error denies that proposition, and asserts that before that question can be considered the court will have to decide whether *habeas corpus* under the circumstances of this case is the proper way to present it.

In other words the plaintiff in error contends that the "reasons assigned for the invalidity of the ordinance is that in the particular case the petitioner owned the lot bordering on and extending into the lake, and that he did not leave his own and his neighbor's property upon which he had been invited, a fact which might or might not be a defense in the particular case, but even if a good defense, it does not render the ordinance invalid in all cases and under all circumstances." That the defense having been interposed and the judgment having been rendered against petitioner, he should have taken his case to the Circuit Court by writ of error, and not by *habeas corpus,* for

says the plaintiff in error, the rule is well understood that *habeas corpus* cannot be made to take the place of a writ of error.   It must be admitted, however, that if the petitioner had taken a writ of error with bill of exceptions to the judgment of the   mayor's court,   he could have in that case presented the question of the validity of the city ordinance   for   he   could   have   in   his   trial   before   the municipal   court   presented   the   same   facts   as   were presented   in   his   petition   for   *habeas   corpus*.   But *habeas   corpus*   will   lie   to   test   the   validity   of a   statute   or   city   ordinance.   See   Hardee   v.   Brown, 56   Fla.   377,   47   South.   Rep.   834;   Ex   parte   Sims, 40 Fla. 432, 25 South. Rep. 280; Ex parte Theisen, 30 Fla. 529, 11 South. Rep. 901; Harper v. Galloway, 58 Fla. 255,   51   South.   Rep.   226.   If then   the   petitioner had attacked the validity   of the ordinance   in   the municipal court he would not   have been   precluded   thereby from subsequently applying for a writ of *habeas corpus* to test the validity of the ordinance, because a judgment of conviction on a charge under a void act is void.   See Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786.   In such case the acts charged constitute no offense, and the court was without jurisdiction to pronounce sentence.   See Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Porter v. State, 62 Fla. 79, 56 South.   Rep. 406.   The writ of *habeas corpus* is a writ of right and is sometimes issued upon very informal application, as in the case of Ex parte Pells, 28 Fla. 67, 9 South. Rep. 833, where the court issued such a writ upon the receipt of a letter from a person in jail.   See Crooms v. Schad, 51 Fla.   168, 40 South. Rep. 497.

If the petitioner did confine his defense in the municipal court to the fact that while bathing in the lake he did not leave his own premises, that circumstance should not

preclude him after conviction in that court from testing the validity of the ordinance upon *habeas corpus*. We do not agree with counsel for the plaintiff in error that the reasons assigned, in the petition, for the invalidity of the ordinance are the one fact that while bathing in the lake the petitioner did not leave his own or his neighbor's property. He distinctly alleges in the petition that "Lake Concord and the water thereof is entirely owned by private parties who own the lots bordering on said lake;" that the city does not own any of the water in the lake, nor does it own any lands adjoining the same. It is also alleged that the lake is non-navigable; that neither the city nor the water company has undertaken to condemn the lake by any legal proceeding for public use, and that when bathing in the lake those who exercise that right were always properly appareled in bathing suits as is the usual custom at bathing places.

The question is clearly and definitely presented, whether the city of Orlando has the power to prohibit by ordinance any person from bathing in Lake Concord, which is a non-navigable lake within the city's limits, and owned by the persons whose lots border thereon, and who enjoy the rights of riparian owners and in which the city has no property interest whatever. Such ordinance being designed solely to prevent the possible pollution of the waters of the lake which are being used by a private corporation to supply the city with water for municipal purposes?

Counsel for plaintiff in error contends, and we think correctly, that *habeas corpus* will not lie to test the guilt or innocence of one who is charged with an offense under a valid act or ordinance, but it does not follow that the court will not in such a proceeding inquire into the facts to ascertain whether under the circumstances the act or

ordinance in question is a valid exercise of legislative power. Whether the lake is within the corporate limits of the city for example is a quetsion of fact upon which the valid exercise of the power to prevent bathing therein would depend; whether the city derives its water supply from the lake may also be inquired into in order to ascertain the reasonableness of the exercise of the power, and whether the person charged with the violation of the ordinance was the owner of a lot bordering on the lake and had the rights of a riparian owner, or the guest of one who enjoys such rights might also become material to be considered to ascertain if he was in a position to question the validity of the act or ordinance.

In the case of State *ex rel.* Worley v. Lewis, 55 Fla. 570, 46 South. Rep. 630, the question of fact as to whether the city of Jasper was a city of five thousand inhabitants was material to the question of the validity of the ordinance under which the petitioner Worley was arrested and detained in custody. It was not apparent from the face of the ordinance that it was void and the court does not take judicial notice of the population of a city. See also Hardee v. Brown, *supra.* The attack made upon the ordinance in this case questions its existence as a valid law of the city, the contention being that its validity depends upon certain extrinsic facts, not whether, as in the case of Randall v. Tillis, 43 Fla. 43, 29 South. Rep. 540, it was specifically applicable to the transaction or conduct of the accused. In the case at bar, the petitioner questions the power of the city. In the case of Randall v. Tillis, *supra,* the petitioner questioned the applicability of the act to the particular conduct with which he was charged.

We think that the writ of *habeas corpus* was properly issued in this case, and that in the proceedings the peti-

tioner had the right to inquire into the valid exercise of the power on the part of the city to prohibit by ordinance, bathing in the lake.

Counsel for plaintiff in error contends that the ordinance was valid, while petitioner contends that the ordinance deprives him of his property without just compensation and without due process of law and the power to enact the ordinance was not within any expressly delegated or implied power granted by the legislature.

It may be conceded that bathing in the lake, or subjecting it to any use which the riparian proprietors might under the law subject it to, would tend to pollute the water and render it unfit for use by the city.   In such case under the general welfare clause of the general act for the incorporation of cities and towns the power would exist to enact an ordinance to prevent such uses of the lake, provided such ordinance was not inconsistent with the constitution and laws of the United States and of this State.    Section 1013   General Statutes,   1906, Florida Compiled Laws, 1914.    To be valid an ordinance must be reasonable and not in conflict with any controlling provision or principle of law (Waller v. Osban, 60 Fla. 268, 52 South. Rep. 970) ; should be within the powers expressly or impliedly conferred (Hardee v. Brown, *supra;* Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915), and if any doubt exists as to the extent of a power attempted to be exercised by a municipality out of the usual range, or which may affect the common law right of a citizen, it is to be resolved against the   municipality.    Anderson   v. Shackleford, 74 Fla. 36, 76 South. Rep. 343.

In the case at bar it appears from the record that the water company is using the water of the lake for municipal purposes without objection on the part of the riparian

proprietors or owners of the lake. The water is conducted through a pipe into another lake near by, and from thence carried through a filtration "plant" or device and then distributed to the city. This use of the water of Lake Concord by the water company seems to be with the tacit, if not expressed consent of the property owners whose lands border upon the lake and extend into it, but the granting of such privilege to the water company does not necessarily involve the surrender of all the common law rights of riparian proprietorship which under the constitution and laws are regarded as property. See 29 Cyc. 333-336; In re City of New York, 168 N. Y. 134, 61 N. E. Rep. 158, 56 L. R. A. 500; 1 Farnham on Waters, p. 297; Fuller v. Shield, 161 Ill. 462, 44 N. E. Rep. 286, 33 L. R. A. 146. But in this case the lake is the private property of the persons who own lands bordering upon it. It is not a question of interference with the common law right of riparian owners on navigable streams, but interference with the use and enjoyment of the lands by the owners of them for the ordinance which prohibits any one from swimming or bathing in the lake includes the owners of it as well as all others. The court has no quarrel with the principle which runs through the social compact and to which reference was made by counsel for plaintiff in error, namely: that every person must yield a portion of his right of absolute dominion and use of his own property in recognition of an obedience to the rights of others, so that others may enjoy their property without unreasonable hindrance, but the application is not clear.

What rights have the public in the private lands of another that forbids that other's reasonable enjoyment of them? The city could acquire no rights to the lake except by the exercise of the power of eminent domain or purchase. That it has not done, but seeks by the ordin-

ance to prevent one's reasonable use of his own land, or the water which covers it, in order that others in the city who have no right to the waters may enjoy them for household and other conveniences including bathing in private tubs without danger of pollution from germs which may be washed from petitioner's body and be carried through filtration plants to the city.

It may be admitted that the city might prescribe rules and regulations governing the enjoyment of the pleasure of bathing in one's own lake, prescribing the cut or fashion of the bathing suit to be used to the end that the modesty of the ultra refined may not be shocked, and remain within its powers, but the ordinance under consideration prohibits bathing in the lake altogether, and thus prevents the owners from exercising dominion and control over their own.

In the case of People v. Hulbert, 131 Mich. 156, 91 N. W. Rep. 211, 100 Am. St. Rep. 588, cited in the brief of counsel for defendant in error, the City of Battle Creek owned land bordering upon the lake from whence it took water for the city's supply. It was a riparian owner. The court held that a city could not for the purpose of obtaining a water supply prevent the ordinary and reasonable use of the waters of an inland lake or stream by an upper riparian proprietor without the exercise of the right of eminent domain or without purchase. The question of the jurisdiction of the city over the territory covered by the lake seemed not to be involved. The case of George v. Village of Chester, 202 N. Y. 398, 95 N. E. Rep. 767, holds that a riparian owner may not be prevented by police power of the State from the enjoyment of the reasonable and incidental rights such as bathing, boating, fishing and swimming in a lake which is his by reason of his riparian proprietorship even though the

effort to prevent such enjoyment by him is in the interest of a city whose water supply is taken from the lake. Both of the above mentioned cases cited by counsel for defendant in error hold in effect that a city may not practically subject private property to public use without compensation to the owner, even if the purpose be in the interest of public health.

We have found no authority which we consider maintains to the contrary.    In the case of Broward v. Mabry, 58 Fla. 398, 50 South. Rep. 826, this court held that those who own lands extending to ordinary high water mark of *navigable* waters are riparian holders and their rights as such are property rights that may be regulated by law, but may not be taken without just compensation and due process of law.    In the case at bar the lake is owned by the persons whose lots border upon it.    As such owners there is no question that they have the right to use their property as they may so long as such use does not injure another's property.    Nor is there any doubt as a matter of law that non-navigable bodies of water may be the subject of private ownership. See Gould on Waters, Sec. 83; Lembeck v. Nye, 47 Ohio St. 336, 24 N. E. Rep. 686, 8 L. R. A. 578. It is a matter of general information that the State of Florida acquired under the Swamp and Overflowed Land Grant  Act  of September  28th, 1850, many millions of acres of land much of which consisted of lakes and ponds and which have passed to private ownership.

The ordinance in question if enforced against the petitioner would deprive him of a reasonable use and enjoyment of his own property which is equivalent to depriving him of his property and that without due process of law or just compensation.

The judgment of the Circuit Court is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.