PADROSA *et al.,* registrars, *v.* AMOS *et al.*

No. 8794. August 13, 1932.

R. D. Meader, for plaintiffs in error. W. C. Little, contra.

Hill, J. Certain citizens of Brunswick filed a petition to enjoin the registrars of the city from removing their names, and those of others similarly situated, as registered voters from the registration list for an election to be held on December 1, 1931, on the alleged ground of disqualification of the plaintiffs for non-payment of "street or commutation taxes" to the city. The judge on the hearing granted an injunction and restrained the registrars as prayed. This judgment was excepted to.

The ordinance of the City of Brunswick imposing a street or commutation tax is as follows: "All male persons in this city between the ages of 16 and 50 years, liable to road duty, shall work on the streets of this city eight days in each and every year, at such time and times as they shall be thereunto summoned by the mayor or other officer, who shall cause to be served upon all such persons a written notice, giving the name and place of meeting, stating the number of days work required, and the tools to be brought and used, which notice shall be served twenty-four hours before the time appointed for the work to begin; provided, that any person may commute the work for any year by the payment of $4.00 into the treasury of the city at any time before the first day of July. Every person failing to appear and work the streets in obedience to the notice aforesaid, upon conviction in the police court, shall be

punished as prescribed in section 71 of this Code." This is not a tax ordinance for the purpose of raising revenue. It is rather a public burden, or police regulation put upon certain citizens. Such ordinances have never been looked upon as revenue-raising ordinances; and the enforcement of the ordinance is prescribed by the city code as a penalty for failure to perform the duty thus imposed, and is not enforced by express authority to issue execution, levy, etc., as in cases of default in the payment of revenue taxes.

In 26 R. C. L. 24, § 10, it is stated: "The power of the State to require all able-bodied citizens to work upon the public roads a certain number of days in each year is well recognized as constitutional, and the compulsory service thereby imposed has been held by some courts to be a form of taxation; but the weight of authority is to the effect that such a requirement is not a tax but rather a police regulation or a duty similar to jury service and the like, and hence is not affected by constitutional requirements of prescribed equation between poll and property taxes, or other constitutional provisions respecting taxation." The imposition of a street or commutation tax is different in its objects and purposes, and in the method of collecting the tax, or its enforcement, from the usual tax on property imposed by the State, county, and municipality. The citizen subject to the tax is first required to work the streets a stipulated number of days in each year; or in lieu of working the streets he may commute the work by paying the sum of $4 into the treasury of the city. Failure to work the streets or pay the commutation tax will subject the offender to arrest and punishment upon conviction. In Galloway v. Tavares, 37 Fla. 58 (19 So. 170), it was held that an ordinance requiring able-bodied male residents of the municipality to work on the streets and highways of the municipality for six days in the year did not impose a poll or capitation tax. The court, after a consideration of the various authorities on the subject, said: "Several of the authorities above cited take the view that requirement of labor upon the public highways is not a tax, but a public burden, and one put upon the same plane as the burden of jury and militia duty. In view of these authorities, and of the fact that the system of working the public highways of the State by requirements of labor of citizens has long prevailed in this State, that it has never been looked upon as a tax, that the regulations in regard thereto have never been included in revenue

acts, and the enforcement of them has never been confined to the assessors and collectors of taxes, we do not think that the ordinance in question can be said to impose a tax, in the sense that the word is used in our constitution and statutes regulating the power of taxation, and the levy, assessment, and collection of taxes." And see, to the same effect, State *v.* Rayburn, 2 Okla. Cr. 413 (101 Pac. 1029, Ann. Cas. 1912A, 733, 739, note); State *v.* Wheeler, 141 N. C. 773 (53 S. E. 358, 5 L. R. A. (N. S.) 1139, note, 115 Am. St. R. 700).

Other headnotes require no elaboration.

*Judgment affirmed. All the Justices concur.*