GEER *v.* DOZIER *et al.,* registrars.

No. 9245. NOVEMBER 15, 1932.

*W. I. Geer* and *P. Z. Geer,* for plaintiff.

GILBERT, J. W. I. Geer sought injunction to prevent the individuals composing the Board of Registrars of Miller County "from striking his name from the voters' list, and from the registered list of voters of said county," and general relief. His petition alleged that he had paid all taxes required of him since the adoption of the constitution of 1877; that he was properly registered and qualified in all particulars as a voter; that he had announced himself a candidate for the office of State Senator from the Eighth Senatorial District; that several times since April 21, 1932, and particularly on July 16, 1932, he had been served with notice to appear and show cause before the registrars why his name should not be stricken from the voters' book "as a tax defaulter for the year 1931;" that he was advised and believed that the registrars would strike his name from the voters' list and book, unless restrained by injunction; that their only purpose in doing so was to "disqualify him from voting, and to prevent his name from appearing upon the list of qualified voters of said county for the year 1932, and thus to prevent him from running for the State Senate;" that all of the notices to show cause before the registrars were wholly illegal, because not served in the manner and form prescribed by law, and because they did not specify the grounds of challenge.

The defendants demurred on the grounds that (1) the petition does not state a cause of action; (2) the allegations are insufficient to authorize the equitable relief prayed; (3) the allegations show that a court of equity would not be authorized to take cognizance of the matter; (4) if the registrars should unlawfully strike the name of the petitioner, he would have an adequate remedy at law; (5) he merely seeks by injunction to prevent the registrars from performing their official duty, without alleging any sufficient reason for interference with such duty. The exception is to a judgment sustaining these demurrers and dismissing the petition.

It was error to sustain the general demurrer. It has been held that injunction is a proper remedy. *Padrosa* v. *Amos,* 175 *Ga.* 413 (165 S. E. 248).

*Judgment reversed. All the Justices concur.*