CHARLES LIBERIS, *Plaintiff in Error*, v. E. E. HARPER, CHIEF OF POLICE OF THE CITY OF PENSACOLA, *Defendant in Error*.

## En Banc.

## Opinion Filed June 3, 1925.

1. A person held in custody under a sentence of a municipal court upon a conviction on a charge based on an ordinance alleged to be void, may test the validity of the ordinance in *habeas corpus* proceedings, and may be discharged from custody if the ordinance is void.

2. Municipalities are established by law for purposes of government. Their functions are performed through appropriate officers and agents, and they can exercise only such powers as are legally conferred by express provisions of law, or such as are by fair implication and intendment properly incident to or included in the powers expressly conferred for the purpose of carrying out and accomplishing the object of the municipality.

3. The difficulty of making specific enumeration of all such powers as the Legislature may intend to delegate to municipal corporations renders it necessary to confer some power in general terms. The general powers given are intended to confer other powers than those specifically enumerated.

4. General powers given to a municipality should be interpreted and construed with reference to the purposes of the incorporation.

5. Where particular powers are expressly conferred and there is also a general grant of power, such general grant by intendment includes all powers that are fairly within the terms of the grant and are essential to the purposes of the municipality, and not in conflict with the particular powers expressly conferred.

6. If reasonable doubt exists as to a particular power of a municipality it should be resolved against the city; but where the particular power is clearly conferred or is fairly included in or inferable from other powers expressly conferred, and is consistent with the purposes of the municipality and the powers expressly conferred, the exercise of the power should be resolved in favor of the city so as to enable it to perform its proper functions of government.

7. An "affidavit" not sworn to and a warrant signed only by the officer who makes an arrest and not dated or authenticated, afford no lawful authority for an arrest and detention.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Reversed.

*John S. Beard,* for Plaintiff in Error;

*John B. Jones,* for Defendant in Error.

WHITFIELD, J.—Writ of error was allowed and taken to a final order in habeas corpus remanding the petitioner who had been arrested for violating a city ordinance making it unlawful to keep, operate or maintain "any billiard table, pool table or bowling alley for hire or public use in any building or place, or any lot fronting or abutting any portion of Palafox Street between Wright Street and Zarragossa Street" in the city of Pensacola, Florida. The plaintiff in error seeks to contest the validity of the ordinance.

A person held in custody under a sentence of a municipal court upon a conviction on a charge based on an ordinance alleged to be void, may test the validity of the ordinance in habeas corpus proceedings, and may be discharged from custody if the ordinance is void. Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834.

Municipalities are established by law for purposes of government. Their functions are performed through appropriate officers and agents, and they can exercise only such powers as are legally conferred by express provisions of law, or such as are by fair implication and intendment properly incident to or included in the powers expressly conferred for the purpose of carrying out and accomplishing the object of the municipality. The difficulty of making specific enumeration of all such powers as the legislature may intend to delegate to municipal corporations renders it necessary to confer some power in general terms. The general powers given are intended to confer other powers than those specifically enumerated. General powers given to a municipality should be interpreted and construed with reference to the purposes of the incorporation. Where particular powers are expressly conferred and there is also a general grant of power, such general grant by intendment includes all powers that are fairly within the terms of the grant and are essential to the purposes of the municipality, and not in conflict with the particular powers expressly conferred. If reasonable doubt exists as to a particular power of a municipality it should be resolved against the city; but where the particular power is clearly conferred or is fairly included in or inferable from other powers expressly conferred, and is consistent with the purposes of the municipality and the powers expressly conferred, the exercise of the power should be resolved in favor of the city so as to enable it to perform its proper functions of

government. State *ex rel.* Ellis v. Tampa Water Works Co., 56 Fla. 858, text 863, 47 South. Rep. 358.

The city had statutory authority "to regulate and restrain all billiard saloons." Section 1871, Revised General Statutes of 1920; to "exercise any power and render any service which contributes to the general welfare; prescribe limits within which business, occupations and practices liable to be nuisances or detrimental to the health, security or general welfare of the people, may lawfully be established, conducted or maintained" Section 18; Chapter 6386, Acts 1911; and "to pass for the government of the city, any ordinance not in conflict with the constitution of the United States, the Constitution of Florida, and the statutes thereof." Sec. 18, Chap. 4513, Acts 1895.

While the quoted statutory provisions are apparently sufficient authority for the passage of the ordinance of the character of the one complained of, and for the enforcement of such ordinance in the absence of a full showing that the ordinance is arbitrary and unreasonable in its practical application, the return shows no legal warrant for the arrest and detention of the petitioner below.

The return is "that the arrest and detention of said Liberis was pursuant to the affidavit and warrant, copies of which are hereto attached." The attached "affidavit" does not appear to have been sworn to before any officer, and the "warrant" is signed only by the officer who made the arrest and is not dated or authenticated. Such "affidavit and warrant" afford no lawful authority for the arrest and detention.

Reversed.

WEST, C. J., AND ELLIS, TERRELL AND STRUM, J. J., concur.