STATE *ex rel.* JOHN B. MEREDITH and M. C. DRIGGERS v. JOSEPH BORMAN, Chief of Police, Palm Beach

189 So. 669
Opinion Filed May 19, 1939
Rehearing Denied June 26, 1939

150

*Edgar C. Thompson, Edward G. Newell* and *Whitfield & Whitfield,* for Plaintiffs in Error;

*E. Harris Drew* and *J. Luther Drew,* for Defendant in Error.

CHAPMAN, J.—Writ of. error was allowed and taken to a final order in habeas corpus remanding the petitioners, who had been arrested and held in custody for the violation. of an ordinance of the Town of Palm Beach, Florida. The ordinance is, viz.:

"SECTION I. Whoever shall watch, beset or picket the premises of another where any person. is employed, or any approach thereto, or any place or approach thereto, where such employee lodges or resides, for the purpose of inducing any such employee, by compulsion, threats, coercion, intimidation, or by any act of violence or by putting such employee in fear to quit his or her employment or to refrain from seeking or freely entering into employ-

ment, shall, upon conviction thereof, be fined in any sum not less than Ten Dollars ($10.00), nor more than Three Hundred Dollars ($300.00) to which may be added imprisonment, not exceeding sixty (60) days.

"SECTION II. Whoever shall watch, beset or picket the premises of another, or any approach thereto for the purpose of inducing others to refrain from entering such premises, or from patronizing, transacting business with or negotiating with the owner or occupant of such premises, shall, upon conviction thereof, be fined in any sum not less than Ten Dollars ($10.00 )nor more than Three Hundred Dollars ($300.00), to which may be added imprisonment not exceeding sixty (60) days.

"SECTION III. Whoever, in association or agreement with one or more persons shall assemble, congregate or meet together in the vicinity of any premises where other persons are employed or upon the streets, approaches or places adjacent thereto, for the purpose of inducing, any such employee, by compulsion, threats, coercion, intimidation, or by any act of violence, or by putting such employee in fear to quit his or her employment therein or to refrain from seeking or freely entering into employment therein, shall, upon conviction thereof, be fined in any sum not less than Ten Dollars ($10.00) nor more than Three Hundred Dollars ($300.00), to which may be added imprisonment not exceeding sixty (60) days.

"SECTION IV. Whoever, in association or agreement with one or more persons, shall assemble, congregate or meet together in the vicinity of the premises of another, or upon the streets, approaches or places adjacent thereto, for the purpose of inducing others to refrain from entering such premises or from patronizing; transacting business with, or negotiating with the owner thereof, of such premises, shall, upon conviction thereof, be fined in any sum

not less than Ten Dollars ($10.00) nor more than Three Hundred Dollars ($300.00), to which may be added imprisonment not exceeding sixty (60) days.

"SECTION V. Whoever, for the purpose of compelling, coercing or inducing any persons to quit his or her employment or to refrain from seeking or freely entering into employment, shall utter to or within the hearing of such person or persons, any derogatory or opprobrious or indecent epithets or language or gestures or threats of violence, shall, upon conviction thereof, be fined in any sum not less than Ten Dollars ($10.00), nor more than Three Hundred Dollars ($300.00), to which may be added imprisonment not exceeding sixty (60) days.

"SECTION VI. All ordinances or parts of ordinances in conflict herewith be, and the same are hereby repealed."

Section 76 of Chapter 7683, Special Acts of 1917, Laws of Florida, grants the power to the Town Council of Palm Beach, Florida, to enact ordinances not inconsistent with the Laws of Florida, for the good government of the town, the protection of property, *the preservation of peace and good order,* suppression of vice * * * preservation of health and for the exercise of all its corporate powers. It is, viz.:

"Sec. 76. That the Town Council may make such other and further ordinances not inconsistent with the laws of the State, as shall be deemed expedient for the good government of the town, the protection of its property, the preservation of peace and good order, the suppression of vice, the benefit of trade and commerce, the preservation of good health, and for the exercise of its corporate powers and the performance of its corporate duties."

Likewise, Section 90, *supra,* provides:

"Sec. 90. That in addition to the powers hereinbefore

enumerated the Town of Palm Beach, its officers and employees shall have all the powers, and perform all the duties conferred or imposed upon cities and towns within the State of Florida, and officers and employees of such cities and towns by the general laws of Florida, now in force or hereafter to be enacted providing for the government of cities and towns not inconsistent with the provisions of this Act; and in all matters of procedure and conduct for the exercise and performance of such powers and duties, the General Law of the State relative to municipalities shall govern except where otherwise especially provided by this Act."

The Town of Palm Beach, Florida, has the power to enact ordinances granted by the General Laws of Florida to all municipalities in addition to the powers granted by Section 76, *supra,* and Section 2949 C. G. L., provides:

"2949 (1839), ORDINANCES AND PENALTIES.—The city or town council shall have power to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals, for the suppression of riots and disorderly assemblies and for the order and government of the city or town, and to impose such pains, penalties and forfeitures as may be needed to carry the same into effect: Provided, that such ordinances shall not be inconsistent with the Constitution and laws of the United States or of this State; and Provided, further, that for no one offense made punishable by the ordinances and laws of said city of town shall a fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days. Ch. 3024, Acts 1877, Sec. 1."

The affidavit and warrant charge the petitioners with a violation of the ordinance *supra.* The first count charges that the petitioners watched, beset and picketed the prem-

ises of the Irving Company doing business in the Town of Palm Beach, Florida, and the approaches thereto, for the purpose of inducing others to refrain from entering such premises and transacting business with the owner of the premises. It is drafted under Section II of the ordinance, *supra*.

The petitioner is charged in the affidavit and warrant with violation of the ordinance in that he did agree with John B. Meredith to assemble, congregate, and meet together in the vicinity of the premises occupied by the Irving Company in the Town of Palm Beach, Florida, where other persons were employed, and upon the streets, approaches and places adjacent thereto, for the purpose of inducing such employees, by compulsion, coercion and intimidation to quit their employment with The Irving Company and in preventing others from obtaining employment with The Irving Company. This count is drafted under Section IV of the ordinance *supra*. It is to be observed that the affidavit, warrant and Sections II and IV of the ordinance fail to charge that the acts and doings of the petitioners expressly or by implication charged a breach of the peace, or disorderly conduct or that the sum total of all the acts charged amounted to violence. The charter, *supra*, grants the power to pass ordinances necessary for the preservation of the peace and good order within the town of Palm Beach, Florida, but the affidavit, warrant and Sections I and IV of the ordinance, *supra*, goes further than authorized by its charter provisions by prohibiting people from peaceable assembly and by free speech induce others from entering or patronizing the business of The Irving Company. It is not alleged that a breach of the peace occurred or that good order did not prevail, or that the petitioner resorted to threats, coercion, intimidation, or acts amounting to violence the legal effect of which would

amount to a breach of the peace, or that good order did not prevail. Section 2949 C. G. L. gave the Town Council of Palm Beach, Florida, the power to preserve the peace and morals by the enactment of ordinances. The power to enact an ordinance should clearly be made to appear as it cannot be assumed. Malone v. Quincy, 66 Fla. 52, 62 So. 922, Ann. Cas. 1916D; Hardee v. Brown, 56 Fla. 377, 47 So. 834. If reasonable doubt exists about the power to enact an ordinance on the part of a municipality under its said charter, the same should be resolved against it. See State v. Burr, 79 Fla. 290, 84 So. 61; Ex parte Davidson, 76 Fla. 272, 79 So. 727; Malone v. Quincy, supra.

In the case of Liberis v. Harper, 89 Fla. 477, 104 So. 853, this Court, in part, said:

"Municipalities are established by law for purposes of government. Their functions are performed through appropriate officers and agents, and they can exercise only such powers as are legally conferred by express provisions of law, or such as are by fair implication and intendment properly incident to or included in the powers expressly conferred for the purpose of carrying out and accomplishing the object of the municipality. The difficulty of making specific enumeration of all such powers as the Legislature may intend to delegate to municipal corporations renders it necessary to confer some power in general terms. The general powers given are intended to confer other powers than those specifically enumerated. General powers given to a municipality should be interpreted and construed with reference to the purposes of the incorporation. Where particular powers are expressly conferred and there is also a general grant of power, such general grant by intendment includes all powers that are fairly within the terms of the grant and are essential to the purposes of the municipality, and not in conflict with the particular powers expressly

conferred. If reasonable doubt exists as to a particular power of a municipality it should be resolved against the city; but where the particular power is clearly conferred or is fairly included in or inferable from other powers expressly conferred, and is consistent with the purposes of of the municipality and the powers expressly conferred, the exercise of the power should be resolved in favor of' the city as to enable it to perform its proper functions of government. State, *ex rel.,* Ellis v. Tampa Water Works Co.; 56 Fla. 858, text 863, 47 South. Rep. 358."

The case of Weissman v. Jureit, 132 Fla. 661, 181 So. 898, was a suit seeking a permanent injunction against the Bakery and Confectionary Workers Union from interfering with plaintiff's business, from picketing plaintiff's bakery, and from using threats, force, violence, coercion or intimidation. On appeal here it was clearly shown that the evidence failed to establish as required by law that the labor union, through its members, in the picketing of the bakery used threats, force, coercion, intimidation, or other acts of violence. The plaintiff, in short, failed to establish a breach of the peace on the part of the labor union when picketing the bakery or that good order did not prevail. The material allegations of the bill of complaint were not established by competent evidence.

In the case of Paramount Enterprises, Inc., v. Mitchell, 104 Fla. 407, 140 So. 328, this Court had before it the question of whether or not picketing a theatre or place of business may be enjoined in Florida, and held that each case must necessarily turn or be decided on the facts adduced. In part this Court said:

"Personal liberty and private property are fundamental rights in this County. The very purpose of law is to protect these rights. Any unlawful interference with them by false statement, acts of coercion, intimidation, malice, or

covert implications that threaten mischief or injury to them may be enjoined." See 16 R. C. L., pages 453-55, par. 33.

The following authorities are illuminative of the point under consideration: McQuillin on Municipal Corporations, Vol. 3 (2nd Ed.), pages 249-51, par. 999; *Ex parte* Heffron, 179 Mo. App. 639, 162 S. W. 652; Local Union No. 26, National Brothers of Operative Potters v. City of Kokomo, 211 Ind. 72, 5 N. E. (2nd) 624; City of Indianapolis v. Miller, 168 Ind. 285, 80 N. E. 626, 8 L. R. A. (N. S.) 822; Thomas v. City of Indianapolis, 195 Ind. 440, 145 N. E. 550, 35 A. L. R. 1194, Annotation p. 1200; Crouch v. Central Labor Council of Portland, 134 Ore. 612, 293 Pac. 729, 83 A. L. R. 193, Annotation p. 200; Stillwell Theatre v. Kaplan, 259 N. Y. 405, 182 N. E. 63, 84 A. L. R. 6; Fenske Bros., Inc., v. Upholsterers' International Union, 358 Ill. 239, 193 N. E. 112, 97 A. L. R. 1318, Annotation p. 1333.

We have heard able argument at the bar of this Court by counsel for the respective parties, likewise the briefs are exhaustive on the question of whether or not "picketing" is lawful or unlawful, as well as to the charter power of the Town of Palm Beach to enact the ordinance, *supra.* Our study of the case forces us to the conclusion that this case must turn or be decided on the charter power of the Town of Palm Beach to enact the ordinance and other questions argued and briefed are secondary. The Town of Palm Beach has no power under its charter to enact an ordinance controlling picketing, except for the preservation of peace and good order within the incorporate limits of said municipality. The return shows that the petitioner was in the custody of the Chief of Police of Palm Beach, Florida, under counts one and two of the affidavit and warrant drafted under Sections II and IV of the ordinance, *supra,* and as each count of the affidavit and war-

rant and Sections II and IV of the ordinance, *supra,* fail to allege or charge that petitioner disturbed the peace or otherwise interfered with the good order of said city, the same is void and without effect. The motion to discharge the petitioners because the return as made by the Chief of Police was insufficient in law should have- been granted by the lower court. The affidavit and warrant afford no lawful authority for the arrest and detention of the petitioners. The order appealed from is reversed. It is so ordered.

TERRELL, C. J., WHITFIELD, and BUFORD, J. J., concur.

THOMAS, J., concurs in conclusion.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules, of this Court.