STATE *ex rel.* N. BUCKNER, LEON ST. JOHN and R. G. BUCKNER v. H. L. CULBREATH, as Sheriff of Hillsborough County, Florida.

3 So. (2nd) 380
En Banc
Opinion Filed June 27, 1941
Rehearing Denied July 16, 1941

*McKay, Macfarlane, Jackson & Ferguson,* for Plaintiffs in Error;

*C. J. Hardee,* for Defendant in Error.

THOMAS, J.—After hearing the evidence of the respective parties in a suit for injunction instituted by the Florida State Board of Optometry against persons who have now become the plaintiffs-in-error in this case the chancellor entered an order restraining the defendants from engaging in the practice of optometry or in anywise violating Chapter 19031, Laws of Florida, Acts of 1939, and specifying in the language of that part of the statute defining such practice, the acts which were enjoined. A few months later the successful litigant represented to the court that the injunctive order had been violated and in its petition detailed certain acts committed by the defendants which were alleged to have violated provisions of the decree. Upon an order to show cause why the defendants should not be held in contempt of court returns were filed and testimony was taken, whereupon the

chancellor found the defendants in contempt of court and fined them ten dollars, and upon failure to pay the fine, sentenced them to the county jail for a period of one day.

The defendants then obtained a writ of habeas corpus directed to the sheriff of the county who filed a return stating that he had the defendants in his custody under the commitment for contempt. After a hearing on the writ and return the circuit judge remanded the petitioners to the custody of the sheriff and it is by an appeal from that order that the matter reaches this court.

The questions which the original defendants in the chancery suit, petitioners in the habeas corpus proceeding and now plantiffs-in-error, present to us for determination deal with the sufficiency of the facts to show that their activities constituted the practice of optometry as defined by Chapter 19031, Laws of Florida, Acts of 1939. The record does not disclose precisely what conduct of the defendants was originally held to constitute the practice of optometry and we cannot therefore discern whether the acts performed subsequent to the issuance of the injunction were identical with those enjoined, and no presumption in this regard is indulged in favor of the petitioners for writ of habeas corpus. Therefore the matters sought to be decided are not properly determinable in this appeal because the inquiry in the case before the circuit judge, where persons in custody under process for contempt had resorted to the collateral remedy of habeas corpus, was limited to the jurisdiction of the court or lack of it, in the first instance, and the voidness of the process upon its face. 25 Am. Jur., Habeas Corpus, p. 212.

No attack is made upon the jurisdiction of the court to entertain the initial controversy, nor is it urged that the conduct of the petitioners shown in the hearing upon habeas corpus was not that enjoined in the suit in equity but we are asked in this appeal to hold that those acts did not establish the practice of optometry in violation of the provisions of the law we have cited and consequently of the injunction. Were we to make the investigation upon which the plaintiffs-in-error insist it would be, in effect, an examination of the correctness of the original decree and it seems hardly necessary to observe that even if that order was infected with error it could not be rectified in this fashion because that would be the function of an appeal for which habeas corpus could not be substituted.

We do not discuss whether the process was void upon its face because that position is not taken by the plaintiffs-in-error.

We conclude that the plaintiffs-in-error could find relief from the injunctive order only by appeal and that inasmuch as the court had jurisdiction to restrain them and the acts committed subsequent to the entry of the order were not shown to be different from those intended to be prohibited they were properly remanded to custody.

It is the well recognized rule that one may not violate a court order, even though erroneously entered, and when punished for his misdeed have the propriety of the order which he has violated reviewed in habeas corpus. In such a situation he should desist from the performance of the acts enjoined as long as the order remains in force.

We hold that the order of the court remanding the petitioners to custody was proper and it is therefore—

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.