66 So.2d 702 (1953)
COOPER
v.
SINCLAIR.
Supreme Court of Florida, en Banc.
June 26, 1953.
Ray Sandstrom, Lakeland, for appellant.
J.C. Rogers, Lakeland, for appellee.
SEBRING, Justice.
The appellant was tried and convicted in the municipal court of the City of Lakeland, *703 Florida, of the violation of a city ordinance regulating the parking and storing of house cars or trailers. Instead of taking an appeal from the judgment, he filed a sworn petition for a writ of habeas corpus in the Circuit Court of Polk County, directed to the custodian of the Lakeland City Jail, alleging in his petition that he was being held in custody by virtue of the judgment entered in the municipal court proceeding wherein he was found guilty of the violation of the aforesaid ordinance; and alleging further "that the ordinance * * * is not reasonable * * * and * * * is in conflict with the Constitution of the State of Florida and the Constitution of the United States, in that the ordinance in its application deprives the owner of a reasonable use and enjoyment of his own property * * * without due process of law or just compensation * * * that the * * * ordinance does attempt to limit the use of property, and in an unconstitutional manner."
Based upon this sworn petition the circuit court issued a writ of habeas corpus directed to the custodian of the Lakeland City Jail requiring him to produce the body of the petitioner and to show the cause of his detention.
In due course the respondent filed an answer and return to the writ, in which he admitted that the petitioner was being held by virtue of the judgment of the municipal court; denied that the ordinance, which he attached to his answer, was unconstitutional, as charged; and alleged: "that the said ordinance is an integrated part of a comprehensive plan of regulating the use of property within the whole of the corporate limits of the City of Lakeland and has been enacted in the exercise of the police power granted it by the laws of the State of Florida * * *."
Subsequently, the matter came on for hearing before the circuit court at the conclusion of which the following order was entered: "The above entitled cause came on for hearing * * * upon the petition of said petitioner and the answer of respondent, no testimony being offered by either party * * *. And the Court, having considered said pleadings and the argument of counsel for the respective parties, finds that petitioner * * * has failed to show that he is illegally detained and deprived of his liberty * * *. It is considered and adjudged that said petition be and the same is hereby denied, and said petitioner is hereby remanded to the custody of the respondent * * *."
The petitioner below has taken an appeal from this judgment and the case has been submitted here on the record as stated.
It is settled in this jurisdiction that a person held in custody under a sentence of a municipal court upon a conviction on a charge based upon an ordinance alleged to be void, may test the validity of the ordinance in a habeas corpus proceeding. Hardee v. Brown, 56 Fla. 377, 47 So. 834; Pounds v. Darling, 75 Fla. 125, 77 So. 666, L.R.A. 1918E, 949; Liberis v. Harper, 89 Fla. 477, 104 So. 853; Kinkaid v. Jackson, 66 Fla. 378, 63 So. 706; Ex parte Wise, 141 Fla. 222, 192 So. 872. But as in all instances when the constitutionality of a law is attacked, such an issue will not be ruled on except at the suit of a person affected adversely by the allegedly invalid aspect of the law. State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52; State ex rel. Watson v. Gray, Fla., 48 So.2d 84. It should be noted also that habeas corpus may not be used as a substitute for appeal, and the petitioner in such a proceeding assumes the burden of a moving party. State ex rel. Buckner v. Culbreath, 147 Fla. 560, 3 So.2d 380. Thus, a prisoner held in custody for violation of an ordinance alleged to be void will not be discharged on habeas corpus unless he shows, affirmatively, the facts of his situation to be such that the ordinance could not constitutionally have been applied to him. Compare Shelton v. Coleman, 136 Fla. 625, 187 So. 266.
In the answer filed by the respondent the allegation is made that the ordinance was duly enacted by the City of Lakeland as an integral part of a comprehensive plan for regulating the use of property within the whole of the corporate limits of the municipality. Attached to the answer is the ordinance in question. Although a return is not conclusive of the *704 facts stated therein, the allegations thereof must be taken as true until impeached by competent evidence. Sullivan v. State ex rel. McCrary, Fla., 49 So.2d 794. This is so for the reason that in habeas corpus proceedings the return of the respondent is not directed to the petition but to the writ, and the issues are framed upon the return and the denial or other controversion of the material matters set forth in the return without reference to the petition. See Ex parte Amos, 93 Fla. 5, 112 So. 289, as to method for controverting facts set forth in the return.
The petitioner did not seek to controvert the facts set forth in the return by the submission of evidence, but instead chose to rest his case upon the allegations contained in the pleadings. Thus he has in legal effect admitted the allegations of the return and put in issue the constitutionality of the ordinance vel non, with no showing of the facts which gave rise to his arrest. Consequently, if by any reasonable construction the challenged ordinance has a legitimate sphere of operation, the petitioner must be remanded to custody, because he will have failed to demonstrate that he has been affected by the unconstitutional aspects of the ordinance, and that accordingly he has the right to question its validity. State v. Vocelle, supra; and Watson v. Gray, supra.
The ordinance drawn into controversy is one entitled "An ordinance prohibiting the parking and/or storing of any camp car, house car, or trailer which is commonly used for living or sleeping purposes, whether the same be so used or not, upon any lot, piece, or parcel of land in the City of Lakeland, except regularly licensed public camps as defined by ordinance number 754 of the City of Lakeland and except where such camp car, house car or trailer is kept entirely within a closed building and not used for living or sleeping purposes and except that an owner or licensed dealer of such vehicle may make sale thereof where such sale is permitted or licensed under the laws of the City of Lakeland, and providing a penalty therefor."
It contains a legislative finding of the City Commission of the City of Lakeland as follows:
"That Whereas, it has been found and determined by the City Commission of the City of Lakeland that camp cars, house cars, or trailers, commonly used for living and sleeping purposes, have been parked and/or stored upon lots, pieces, and parcels of land within the City limits of the City of Lakeland, and that said vehicles have been regularly or intermittently used for living or sleeping purposes, and when not so used the presence of such vehicles greatly reduces the value of the properties abounding the location of such vehicles and in general injures and jeopardizes the health and general welfare of the citizens of the City of Lakeland."
Section 1 thereof makes it unlawful "for any person, association of persons, firm or corporation to park and/or store any camp car, house car, or trailer which is commonly used for living or sleeping purposes, whether the same be so used or not, upon any lot, piece, or parcel of land in the City of Lakeland, except regularly licensed public camps as defined by Ordinance Number 754 of the City of Lakeland, and except where such camp car, house car, or trailer is kept entirely within a closed building and not used for living or sleeping purposes."
The ordinance plainly applies to house cars or trailers which are being used for living or sleeping purposes upon property other than property duly designated and set aside by ordinance for trailer parking, as well as to such vehicles parked upon property for other purposes. Even if the latter part of the ordinance should be regarded as questionable, it is elementary that an unconstitutional exercise of municipal power will not be assumed in the absence of a showing to that effect. Consequently it is our duty to assume, because the appellant has not made it appear to the contrary, that at the time of his arrest he was living in a house trailer parked on a private residence lot and not located at a duly designated park. Unless it can be said, therefore, *705 that the City was without power to adopt an ordinance regulating the locating of occupied trailer houses by requiring that they be located at trailer parks set aside for that purpose, the constitutionality of the ordinance, so far as it affects the rights of the appellant, must be upheld.
As has been noticed, the return shows that the ordinance was adopted as an integral part of a comprehensive plan for regulating the use of property within the corporate limits of the City of Lakeland and was enacted in the exercise of the police power granted it by the laws of the State of Florida. This must also be taken as a correct statement of its purpose, because the appellant has failed to show anything to the contrary.
Sections 176.02 and 176.04, Florida Statutes 1951, F.S.A., provide, in part, that:
"For the purpose of promoting health, safety, morals, or the general welfare of the communities and municipalities of the State of Florida, said municipalities may regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures, and land and water for trade, industry, residence or other purposes." (Section 176.02)
"Regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout said municipalities." (Section 176.04)
The enactment of an ordinance which requires that house trailers used and occupied for living quarters be located in certain designated areas is a reasonable exercise of police power and in direct pursuance of the authority conferred on municipalities to adopt regulations designed to "promote health and the general welfare", and to accomplish this "with a view to conserving the value of buildings and encouraging the most appropriate use of land". The case of Davis v. City of Mobile, 245 Ala. 80, 16 So.2d 1, upheld the validity of an ordinance which prohibited, among other things, the parking of trailers for use as living quarters outside the limits of designated trailer camps. The applicable principle is stated in the case of Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 645, as follows:
"The right of an urban owner to the free use of his property may be regulated by a legitimate exercise of the police power, and when so asserted, fairly and impartially in the interest of the public health, safety, morals or general welfare, the courts will not substitute their judgment for that of the public officials duly authorized in the premises unless it clearly appears that their action has no just foundation in reason and necessity."
For the reasons stated in Miller v. Quigg, 87 Fla. 462, 100 So. 270, involving the allied problem of "tent cities," the location of occupied house trailers under the circumstances of the instant case, within the city limits in areas other than those restricted for such purpose, may constitute a serious municipal problem and health hazard.
Appellant has failed to show that the ordinance here in question is not better calculated to promote the health and general welfare of the citizens of Lakeland, to conserve the value of properties, and to encourage the most appropriate use of land, than would be the case were indiscriminate *706 parking and use of trailers permitted throughout the city. The order appealed from should accordingly be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.