PER CURIAM.
This matter has been considered upon an original petition for writ of habeas corpus and oral arguments by counsel for the petitioner and the respondent.
It appears from the record presented to us that the petitioner was convicted of an offense in the municipal court of the City of Jacksonville. Thereafter, he applied for a writ of habeas corpus before the Honorable John M. McNatt, one of the Judges of the Circuit Court of the Fourth Judicial Circuit. The Circuit Judge heard testimony on the matters raised by the petition and return. After extensive consideration of the matter, the Circuit Judge discharged the writ, dismissed the petition and remanded the petitioner to custody.
By the original petition now presented to us we are requested to issue the writ on identically the same grounds as those urged upon the Circuit Judge and on the basis of a transcript of the testimony heard by him. We have not been presented with an appeal from the adverse ruling of the Circuit Judge. It is obvious that the petitioner seeks to substitute this proceeding in the place and stead of appeal. We have consistently held that this not be done. Watson v. Stone, 148 Fla. 516, 4 So.2d 700; State ex rel. Buckner v. Culbreath, 147 Fla. 560, 3 So.2d 380.
We have with equal consistency many times held that in the matter of granting and considering writs of habeas corpus this Court and the circuit courts enjoy coordinate jurisdiction. When an original application for a writ of habeas corpus is filed with the circuit court, and that court proceeds to adjudicate the matter, this court will not thereafter undertake to dispose of the same questions on a subsequent original application filed by the same petitioner. In such cases the judgment.of the circuit court becomes absolute unless reviewed by a higher court in an appropriate appellate proceeding. State ex rel. Williams v. Prescott, 110 Fla. 261, 148 So. 533.
The petition for writ of habeas corpus is denied.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, DREW and THORNAL, JJ., concur.