148 So.2d 19 (1962)
John SING and Frieda Sing, Petitioners,
v.
Louie L. WAINWRIGHT, as Director, Division of Corrections, State of Florida, Respondent.
No. 32031.
Supreme Court of Florida.
November 14, 1962.
Rehearing Denied January 7, 1963.
Larkin, Lewis & Decker and M.H. Myerson, Jacksonville, and A.K. Black, Lake City, for petitioners.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
John and Frieda Sing, by their petition for a writ of habeas corpus, seek release from the state prison.
The sole question for determination is whether their conviction and subsequent imprisonment were accomplished by a denial of organic due process.
On March 1, 1957, the petitioners were found guilty of committing a non-capital *20 felony. A judgment of conviction and a prison sentence followed. They appealed to the District Court of Appeal, First District. The conviction was affirmed but a correction of the sentence was directed. Sing v. State, Fla.App., 1959, 115 So.2d 773. This Court was not requested to review the decision of the Court of Appeal. On October 13, 1960, the petitioners requested leave of the Court of Appeal to file a petition for a writ of error coram nobis. The petition was grounded on the alleged bias of the trial judge. It was denied by the Court of Appeal. Review of that order was sought by appeal to this Court. We dismissed the appeal by order dated March 1, 1961. The Supreme Court of the United States subsequently denied certiorari without opinion. Sing v. State of Florida, 366 U.S. 964, 81 S.Ct. 1924, 6 L.Ed.2d 1255.
The instant petition for habeas corpus tenders the contention that at the original trial certain exhibits were allowed in evidence which allegedly had been obtained as the result of an unreasonable search. The petitioners point out that recent decisions of the Supreme Court of the United States have applied the provisions of the Fourth Amendment to the Constitution of the United States condemning unreasonable searches to the conduct of state judicial proceedings. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Petitioners further contend that inasmuch as Mapp v. Ohio, supra, was announced subsequent to their conviction they should now have the benefit of the rule of that decision in this habeas corpus proceeding.
It should be noted in passing that Mapp v. Ohio, supra, was a direct attack on a judgment of the Ohio court by way of an appeal taken to the Supreme Court of the United States. It was not a collateral post-conviction assault on the state court judgment.
The basic weakness in the position of the petitioners, however, is the fact that the decision in Mapp v. Ohio, supra, added nothing whatever to the law of Florida. It created no new procedural right so far as the jurisprudence of this State is concerned. This Court long ago concluded that evidence obtained as the product of an unreasonable search is not admissible in a criminal proceeding. Florida has long recognized the so-called "exclusionary rule" regarding the inadmissibility of such evidence. Thurman v. State, 116 Fla. 426, 156 So. 484; Jackson v. State, 87 Fla. 262, 99 So. 548; Chacon v. State, Fla., 102 So.2d 578. While this Court has consistently excluded such evidence under Section 22 of the Declaration of Rights, Florida Constitution, F.S.A., it has with equal consistency noted the similarity between the provisions of the Florida Constitution and the provisions of the Fourth Amendment to the Constitution of the United States. Thurman v. State, supra; Jackson v. State, supra; see also F.S. 933.19, F.S.A. By virtue of this interpretation of the Florida Constitution and the recognized similarity between the state and federal constitutions regarding unreasonable searches, it is clear that the rule of Mapp v. Ohio, supra, created no new right in favor of those being tried for crimes in this state.
It should be recalled that we are now considering a post-conviction habeas corpus proceeding. It is well established that habeas corpus may not be substituted for a direct review by appeal. Where one has exercised his right of appeal he may not thereafter resort to habeas corpus to obtain a review of questions which were presented or which might have been raised in the course of his appeal. Collingsworth v. Mayo, Fla. 1948, 37 So.2d 696; State ex rel. Buckner v. Culbreath, 147 Fla. 560, 3 So.2d 380; Washington v. Mayo, Fla. 1955, 77 So.2d 620.
The claimed right which the petitioners now assert was available to them throughout the entire proceeding. It was the type of procedural protection which they were entitled to assert at the trial level, in the District Court and on up to *21 the Supreme Court of the United States if they had desired to do so. It is not the type of procedural right which can be asserted by them in an independent post-conviction habeas corpus proceeding.
The writ of habeas corpus is denied.
It is so ordered.
ROBERTS, C.J., and DREW, O'CONNELL and CALDWELL, JJ., concur.