155 So.2d 868 (1963)
Alton MITCHELL, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 32697.
Supreme Court of Florida.
May 15, 1963.
Rehearing Denied June 14, 1963.
*869 Alton Mitchell, in pro. per.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By petition for a writ of habeas corpus Mitchell seeks release from the State prison.
We must decide whether the petitioner is entitled to an original writ from this Court in view of his failure to exhaust procedural remedies otherwise available to him.
The petitioner alleges a denial of assistance of counsel at the trial which resulted in his conviction. The petition reveals that at the time of his arraignment the trial judge inquired of the petitioner whether he was ready for arraignment and whether he desired the services of an attorney. The petitioner advised the Court that he was ready for arraignment "and did not want a lawyer." The petitioner also alleges that "had he been advised of his right to counsel his answer would still have been no * * *." On March 26, 1963, Mitchell filed a petition for a writ of habeas corpus in the Circuit Court of Bay County. By order entered April 11, 1963, the Circuit Judge denied the writ. To his order he attached a certified copy of the court's minutes which revealed that the petitioner advised the court that he was ready for arraignment and upon inquiry by the judge stated that he did not want the assistance of a lawyer. There was no appeal from this order.
By his original petition for habeas corpus here Mitchell makes the same claims and seeks the same relief which he asserted in his petition to the circuit judge.
If he is dissatisfied with the ruling of the circuit judge his relief is by way of appeal to the District Court of Appeal, First District, rather than by a second petition for habeas corpus here. After an application for a writ of habeas corpus is submitted to a circuit court and that court proceeds to adjudicate the matter, this Court will not undertake to dispose of the same question on a subsequent original application by the same petitioner. The judgment of the circuit court becomes absolute unless reviewed by the appropriate appellate court *870 in a direct appellate proceeding. State ex rel. Parker v. Reynolds, Fla., 123 So.2d 465.
We must also dispose of the petitioner's attempt to justify bringing this second proceeding here. He asserts that "in complying with Criminal Rule No. 1 [he] has exhausted his fundamental procedure (sic) rights in the Circuit Court of Bay County * * *." Criminal Procedure Rule No. 1 became effective April 1, 1963. Application for habeas corpus had been submitted to the circuit judge on March 26, 1963. His order denying the writ was entered April 11, 1963. Petitioner appears to seek entrance to this Court under the following provision of Criminal Procedure Rule # 1, supra:
"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."
Even if the petitioner had moved in the circuit court under Rule # 1, supra, we would still be compelled to deny relief here because he has not demonstrated that the procedure available to him under the rule "is inadequate or ineffective to test the legality of his detention." This is clearly the result because as of now, he has sought no review in a direct appellate proceeding taken to a court of competent appellate jurisdiction.
The provision of Rule 1, supra, with reference to an application for a writ of habeas corpus, would be available to a petitioner only when he has applied for relief by post-conviction motion and the relief has been denied to him by the trial court and he has sought appropriate review of the adverse order in the proper appellate court. It cannot be said that the remedy provided by Rule # 1, supra, is inadequate or ineffective when the petitioner has failed to avail himself of the remedy provided by the Rule, which remedy includes appellate review. This has consistently been the rule in the federal courts in applying the provisions of 28 U.S.C. § 2255, which was the model for our Criminal Procedure Rule # 1. Roy v. Wainwright, Fla., 151 So.2d 825.
The availability of an effective post-conviction remedy by motion constitutes no intrusion on the organic assurance of the availability of habeas corpus. So long as the post-conviction assault on the judgment affords the same rights which could be asserted in a habeas corpus proceeding, the post-conviction motion remedy will not be considered to be any impingement on the right of habeas corpus. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.
It has long been the rule in the federal courts that an application for a writ of habeas corpus will not be considered if the applicant has failed to avail himself of the remedy provided by motion in the trial court. This includes the requirement that if he receives an adverse ruling in the trial court he must exhaust his remedy by appeal before he is subsequently entitled to apply for habeas corpus.
In considering the availability of habeas corpus under the terms of 28 U.S.C. § 2255, the United States Court of Appeals, 4th Circuit, in Meyers v. Welch, 179 F.2d 707, p. 708, held:
"Appellant was imprisoned for the service of his sentence in the Eastern District of Virginia; and, after the denial of the motion under 28 U.S.C.A. § 2255 by the trial court, he filed in the District Court of that District the application for writ of habeas corpus from denial of which this appeal is taken. We think that the application was properly denied. In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and *871 the fact that the motion has been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus."
The authority of the opinion from which we have quoted is underscored by the fact that it was authored by the late Chief Judge John J. Parker, who was chairman of the committee of the Judicial Conference of the United States which drafted the Federal Habeas Corpus Act. In addition, Judge Parker had much to do with the development of 28 U.S.C. § 2255. For additional observations on the subject see, Parker, Limiting the Abuses of Habeas Corpus, 8 F.R.D. 171, p. 175.
Other courts in the federal system have announced the same rule. For example, in Kaufman v. Wilkinson, 5 Cir., 237 F.2d 519, an application for a writ of habeas corpus was denied by a district court which had previously declined relief by post-conviction motion. The order on the motion was not appealed. The United States Court of Appeals, Fifth Circuit, affirmed the denial of habeas corpus in view of the petitioner's failure to exhaust the remedy by appeal from the order on the post-conviction motion.
For identical holdings see: Bozell v. Welch (C.A.4) 203 F.2d 711, cert. den. 345 U.S. 977, 73 S.Ct. 1126, 97 L.Ed. 1391; Winhoven v. Swope (C.A.9), 195 F.2d 181; United States v. Humphrey (C.A.3), 210 F.2d 826; Trice v. United States, (C.A.9), 218 F.2d 588; Madigan v. Wells, (C.A.9) 224 F.2d 577, cert. den. 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446.
The sum of our holding here simply is that an assault upon a conviction by application for habeas corpus will not be considered if the same grounds for assault are available by a motion to the trial court under Criminal Procedure Rule # 1, and there has been a failure to proceed under that rule to a complete exhaustion of the remedy there available, including appropriate appellate review in a court of competent jurisdiction. The order denying relief on the motion may be subjected to appellate review by the appropriate appellate court which would otherwise have jurisdiction to review the judgments of the trial court, depending, of course, upon the nature and content of the order. Roy v. Wainwright, supra; Article V, Sections 4 and 5, Florida Constitution, F.S.A.
In the instant case the order of the trial judge denying the writ is subject to review by the District Court of Appeal, First District. In consequence of the foregoing, the application for a writ of habeas corpus is denied, without prejudice to any rights which the petitioner might have to seek review by appeal in the District Court of Appeal, First District.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and DREW, JJ., concur.