169 So.2d 374 (1964)
Henry Wayne LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. F-480.
District Court of Appeal of Florida. First District.
November 24, 1964.
Rehearing Denied December 21, 1964.
*375 Henry Wayne Lambert, In pro. per.
James W. Kynes, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
This is an appeal from an order denying appellant's motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to vacate a judgment of conviction.
The motion was based on grounds: (1) that after denial of appellant's motion for court-appointed counsel to represent him on the trial, he was afforded only 15 minutes in which to procure independent counsel; (2) that he was denied a continuance for the purpose of securing independent counsel; (3) that the court erred in concluding, on the basis of evidence taken, that defendant was not insolvent and therefore not entitled to court-appointed counsel; (4) that appellant had no resources with which to secure counsel (the factual issue that was resolved at the trial adverse to appellant's motion); (5) that certain evidence considered by the trial court in connection with the question of insolvency was irrelevant; (6) that the court's denial of appellant's motion for counsel violated his constitutional rights and is contrary to the Gideon decision; (7) that when appellant was arraigned on April 8, 1963, he informed the court that he was without counsel and the trial took place on April 25, 1963 (17 days later), and that consequently appellant was not allowed sufficient time to prepare a defense; (8) that the court erred in allowing the trial to continue in appellant's absence (note: He here refers to the fact that in the course of the trial he voluntarily absented himself therefrom without leave of court and that the trial nevertheless continued and was concluded ex parte); (9) that he was denied a fair and impartial trial.
If there are factual issues requiring testimony to be taken on the issues presented by a motion under Criminal Procedure Rule No. 1, it is necessary for the movant to be present at the hearing, but not otherwise. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. No such issues were developed in this cause.
*376 Appellant presents five points of law for disposition on this appeal: whether the trial court erred (1) in denying his motion to vacate, (2) in denying him adequate time to secure an attorney to represent him at the trial, (3) in denying him court-appointed counsel for trial purposes, (4) in not declaring a mistrial after appellant voluntarily absented himself from the trial, and (5) in allowing the conviction and judgment to stand.
The record contains a transcript of the testimony taken on the motion for appointment of counsel to represent appellant on the trial. We will not undertake to detail it. It shows, however, that at the time appellant appeared for trial and moved for court-appointed counsel he was free on appearance bonds returnable to the trial court and totaling $27,000.00, for which he had paid the surety thereon a fee of $2,700.00; that in connection with another criminal action pending against him he had recently paid two attorneys approximately $2,500.00 for legal services; that his income is $100.00 per week when he works; that at the time of the motion he was free on other criminal appearance bonds returnable to other courts; that he had recently paid a third attorney $500.00 to represent him in a case pending in an Alabama court; that he owned a 1956 Buick automobile and a 1958 motorcycle, and was making payments on a house trailer the legal title to which stood in his wife's name; that other than as stated, he had no bank accounts, property or money. While it is unnecessary in disposing of this appeal to pass on the question of whether the evidence is sufficient to support denial of the motion for court-appointed counsel, we deem it appropriate to say that under the facts disclosed the question is answerable in the affirmative.
It was not error to proceed with the trial forthwith upon denial of the appellant's discussed motion. Although originally charged on March 22, 1963, and arraigned on April 8, 1963, appellant did not raise any question concerning his indigency until his trial commenced on April 25, 1963. This delay was inexcusable. To have directed a continuance under the circumstances would have enabled the defendant to "stymie the processes of the law." See Vitiello v. State, 167 So.2d 629 (Fla.App. 1964).
There is no merit to appellant's contention that the trial was irregular because continued to a conclusion after he voluntarily absented himself from the trial. See Section 914.01, Florida Statutes, F.S.A.; Mulvey v. State, 41 So.2d 156 (Fla. 1949).
What we have said indicates  even if we were to assume that appellant had the right to proceed under Criminal Procedure Rule No. 1  that the lower court did not err in entering the order appealed. We also conclude that the collateral attack made under Rule 1, as here attempted, is procedurally incorrect, finds no support in the law, and must be rejected as being an improper vehicle for review of the alleged errors. The questions of the legality of the order denying appellant's motion for court-appointed counsel, of bringing the cause on for trial immediately thereafter, and the continuance of the trial after the defendant had voluntarily absented himself, have to do with matters that were reviewable by the normal process of a direct appeal from the judgment of conviction and there is nothing in the record before this court remotely indicating that this avenue of review was denied to appellant. It affirmatively appears that the time for direct appeal expired long prior to the filing of the motion under Rule 1. To permit the collateral attack available under Criminal Procedure Rule No. 1 to be used as a vehicle for general review would circumvent the orderly processes of trial procedure. Such attempts have been condemned by our courts in the area of petition for writ of habeas corpus, which is a field of law essentially the same as that alerted by a motion for relief under Rule 1. See Washington v. Mayo, 77 So.2d 620 (Fla. 1955), and Sing v. Wainwright, 148 So.2d 19 (Fla. 1962), which clearly hold that post-conviction proceedings cannot be substituted for *377 the direct review available by appeal. Each of the grounds for reversal asserted by appellant relates to matters that are res judicata.
The judgment appealed is
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.