PER CURIAM.
Appellant was charged in the Municipal Court of the City of Fort Lauderdale with forty-eight (48) unlawful parking violations. Trial was held and appellant was found guilty on each charge and sentenced to pay fines totaling $336.00. Appellant did not file an appeal, nor did she pay the fines. Fifty-seven (57) days after sentencing, the Municipal Court issued an order to the appellant to show cause why she should not be held in contempt of court for failure to pay the fines. Thereafter appellant filed a petition for writ of habeas corpus challenging the validity of the proceedings below and the authority of the Municipal Court to enforce its sentences by contempt. The Circuit Court of Broward County issued the writ of habeas corpus. However, upon hearing the matter, it declined to rule on the substantive issues raised by appellant and ordered the writ discharged and the petition dismissed. This appeal is from that order.
Habeas corpus may not be used as a substitute for appeal. State ex rel. Buckner v. Culbreath, 147 Fla. 560, 3 So.2d 380 (1941). We recognize that a person held in *1008 custody under a sentence of a municipal court upon a conviction on a charge based upon an ordinance alleged to be void, may test the validity of the ordinance in a habe-as corpus proceeding. Cooper v. Sinclair, 66 So.2d 702 (Fla.1953). However the appellant is not in custody. Under the facts of this case as they existed when the matter was presented to the Circuit Court at the habeas corpus hearing, we hold that the Circuit Court properly discharged the writ and dismissed the petition. We express no opinion as to the validity of the city ordinance in question, nor the authority of the Municipal Court to enforce its sentences by contempt.
AFFIRMED.
MAGER, C. J., and ALDERMAN, J., and STETTIN, HERBERT, Associate Judge, concur.