390 So.2d 1234 (1980)
Hampesle Lee JOHNSON, Sr., Petitioner,
v.
STATE of Florida, Respondent.
No. 80-1326.
District Court of Appeal of Florida, Fifth District.
December 10, 1980.
*1235 Hampesle Lee Johnson, Sr., pro se.
No appearance for respondent.
COWART, Judge.
The petitioner, Hampesle Lee Johnson, Sr., has filed a petition for writ of habeas corpus alleging that he was illegally found guilty of some unspecified criminal charge in July of 1980 and showing that he has heretofore filed two or more petitions for writs of habeas corpus in the circuit court, the last of which was denied on August 13, 1980. The petition in this court complains of various errors alleged to have occurred before or during his trial. Habeas corpus may not be used as a vehicle to raise for the first time issues that the petitioner could have raised during his trial and on appeal. Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980). Also, when a petitioner first files an original proceeding in the circuit court seeking a writ of habeas corpus, he cannot thereafter, on the same matter, properly file a petition for habeas corpus in a district court of appeal because such an original proceeding is not a proper remedy to seek review of the circuit court's denial and, further, because the constitution gives concurrent jurisdiction over habeas corpus to the circuit court, district courts of appeal, and the supreme court, res judicata applies to prevent repetitious applications upon the same matter to successive courts. State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla. 1973); Lamberti v. Wainwright, 284 So.2d 202 (Fla. 1973); Mitchell v. Wainwright, 155 So.2d 868 (Fla. 1963); Florida Parole and Probation Commission v. Baker, 346 So.2d 640 (Fla. 2d DCA 1977).
The petitioner also files a motion for an appeal bond citing Rule 3.820(b), Florida Rules of Criminal Procedure. However, that rule relates to bail pending a review of a decision discharging a prisoner on habeas corpus and in this case the trial court did not discharge the petitioner. From petitioner's petition and motion it appears that Rule 3.820(a), Florida Rules of Criminal Procedure, more appropriately applies and that rule provides that the custody of the prisoner shall not be disturbed pending review by the appellate court. Accordingly, the motion for bail is denied.
Without prejudice to any rights which the petitioner might have to seek review by appeal,[1] the application for a writ of habeas corpus is
DENIED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] This court has jurisdiction to review by appeal under Fla.R.App.P. 9.030(b)(1)(A) the final order of the circuit court acting on the petition for writ of habeas corpus filed in the circuit court but such an appeal must be timely. Fla. R.App.P. 9.110(b). Although this successive writ for habeas corpus is, in one sense of the phrase, an improper remedy, we do not apply Fla.R.App.P. 9.040(c) and treat it as an appeal of the circuit court's denial of his petition for habeas corpus because his petitions in the circuit court are facially insufficient and because the petition for habeas corpus in this court complains not of error in the circuit court's denial of his writ of habeas corpus but of alleged errors in matters involving his criminal trial. To find a remedy for petitioner's complaints we would be required to treat his petition as an appeal of his criminal conviction. Rule 9.040(c) does not require that we go that far. Petitioner in this case does not suggest that state action has thwarted an appeal of his conviction nor does he by his present petition to this court seek a belated appeal under Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), cert. den. 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968), and Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).