Mr. George F. Knox, Jr. City Attorney City of Miami 174 E. Flagler Street Miami, Florida 33131
Attention: Robert F. Clark, Deputy City Attorney
Dear Mr. Knox:
This is in response to a request from your office for an opinion on substantially the following question:
 MAY A MUNICIPALITY OFFER A REWARD FOR INFORMATION WHICH WOULD LEAD TO THE ARREST AND CONVICTION OF THE PERPETRATOR OF A FELONY WHICH TOOK PLACE WITHIN THE MUNICIPALITY?
Your letter relates two incidents which occurred in Miami: the murder of a political candidate and the attempted assassination several days prior thereto of an attorney on your city streets. Because of these incidents, the Miami City Commission has adopted a motion offering rewards for information leading to an arrest and conviction for these two crimes. The reward money to be offered would consist of public funds. Your request is for an opinion regarding the validity of such a reward offer by the municipality.
Until recently in Florida the basic premise regarding the offering of rewards has been that a municipal corporation had no power to offer such an incentive for the apprehension or conviction of criminal offenders. Unless the power to offer a reward was expressly granted by statute or constitutional provision, a municipality had no authority to make such an offer. See 23 Fla. Jur.2d Municipal Corporations s 75; 77 C.J.S. Rewards s 11.
The only Florida case to address this issue is Murphy v. The City of Jacksonville, 18 Fla. 318 (Fla. 1881). In the Murphy case the Florida Supreme Court considered the authority of the city to enact a reward ordinance and determined that the city's liability to pay rewards, other than for crimes against the municipality, depended upon the powers given the city by the Constitution and acts of the Legislature. Because the court could find no authority pursuant the Constitution or a statutory provision for the city to offer such a reward, it invalidated the reward offer.
In an Attorney General's Opinion to the City Attorney for the City of Daytona Beach, the issue of using municipal funds for a reward for the capture of a felon was addressed. See AGO 073-93. Citing 23 Fla. Jur. Municipal Corporations s 75, the opinion states that `[n]o duties with respect to the enforcement of the criminal laws of the state are delegated by implication to municipal corporations. Accordingly, a municipal corporation has no implied power to offer a reward for the apprehension or conviction of persons guilty of a crime.' The effect of the decision by the Supreme Court of Florida in the case of City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla. 1972), was then considered as it might bear on the powers of a municipality pursuant to Art. VIII, s 2(b), State Const. The constitutional provision, according to the court in the Fleetwood case, did not extend the powers of municipalities but limited those powers to the performance of municipal functions. The court stated:
 That the paramount law of a municipality is its charter, (just as the State Constitution is the charter of the State of Florida,) and gives the municipality all the powers it possesses, unless other statutes are applicable thereto, has not been altered or changed. Gontz v. Cooper City, (Fla.App., 1970) 228 So.2d 913, Clark v. North Bay Village, et al., (Fla. 1951) 54 So.2d 240. The powers of a municipality are to be interpreted and construed in reference to the purposes of the municipality and if reasonable doubt should arise as to whether the municipality possesses a specific power, such doubt will be resolved against the City. Liberis v. Harper (Fla. 1925) 89 Fla. 477, 104 So. 853. `Municipal corporations are established for purposes of local government, and, in the absence of specific delegation of power, cannot engage in any undertakings not directed immediately to the accomplishment of those purposes.' Hoskins v. City of Orlando, Florida (5th Cir., 1931) 51 F.2d 901.
Because no authorization existed in the Daytona Beach City Charter or in any statute for the city to offer a reward, the opinion concluded that it had no authority to do so. See also AGO 046-519, December 17, 1946, Biennial Report of the Attorney General, 1945-1946, p. 122, and textual authority cited therein.
Chapter 166, F.S., the `Municipal Home Rule Powers Act,' became effective October 1, 1973. See Ch. 73-129, Laws of Florida. Section 166.021(1) states that:
 As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.
A municipal purpose is defined as `. . . any activity or power which may be exercised by the state or its political subdivisions.' Section 166.021(2), F.S. The determination of what constitutes a valid municipal purpose ultimately is for the judiciary. City of Miami Beach v. Seacoast Towers-Miami Beach,156 So.2d 528 (3 D.C.A. Fla., 1963). The Legislature recognized, in s166.021(3), F.S., that pursuant to the constitutional grant of home rule powers in Art. VIII, s 2(b), State Const., the legislative body of a municipality may enact legislation on any subject matter that may be acted upon or addressed by the state Legislature except upon the subjects of annexation, merger, or the exercise of extraterritorial powers, any subject expressly prohibited by the Constitution, any subject expressly preempted to state or county government by the Constitution or by general law and any subject preempted to a county pursuant to a county charter. Section 166.021(4), F.S., states that the intent of the Legislature in enacting Ch. 166, F.S., was to `. . . extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.'
Applicable Florida Supreme Court cases which address the home rule powers of municipalities under s 166.021, F.S., are City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), and State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978). In Forte Towers, supra, the court delineated the effect of Ch. 166: Prior to its enactment a municipality had to have specific authorization to enact legislation; since October 1973, municipalities have been empowered to `exercise any power for municipal purposes except when expressly prohibited by law.' The court determined that s166.021(1), F.S., extended to municipalities that legislative authority found lacking by the court in the Fleetwood Hotel case, supra. See City of Miami Beach v. Forte Towers, supra, Special Concurring Opinion of Justice Dekle at p. 768.
In City of Sunrise, supra, the court considered the powers granted to municipalities under the broad constitutional home rule powers given to municipalities by Article VIII, s 2(b), State Const., and emphasized that the only limitation placed on these powers is that they must be exercised in furtherance of a `municipal purpose':
 Article VIII, Section 2, Florida Constitution, expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services. The only limitation on that power is that it must be exercised for a valid `municipal purpose.' It would follow that municipalities are not dependent upon the Legislature for further authorization. Legislative statutes are relevant only to determine limitations of authority. 354 So.2d at 1209.
It appears beyond question that the Legislature possesses the power to offer rewards for the doing of acts which will be of public benefit and may delegate such power to municipalities. 77 C.J.S. Rewards ss 10 and 11. Section 166.021(1) and (3), F.S., in legal effect operates to supply or delegate to municipalities the authority to exercise any power which may be exercised by the state (s 166.021[2], F.S.), and to enact any legislation concerning any subject manner upon which the Legislature may act, except as otherwise proscribed in s 166.021(3) and (4), for the purposes of this opinion and the general rule set forth in 23 Fla. Jur.2d and 77 C.J.S., supra, upon proper determination by the municipal governing body that a particular reward offer is for the public benefit of the inhabitants of the municipality. No provision of the Charter of the City of Miami limiting the city's authority to offer rewards has been brought to my attention and I am unaware of any general law proscribing the authority of municipalities in this regard.
As applied to the issue of reward offers, s 166.021, F.S., and the broad home rule powers given to municipalities under Art. VIII, s 2(b), State Const., operate to supply authority to offer rewards if such rewards are for the public benefit and serve a `municipal purpose,' i.e., an activity essential to the health, morals, protection and welfare of a municipality. See Saunders v. City of Jacksonville, 25 So.2d 648, 650 (Fla. 1946). This is in contrast to AGO 073-93 and the holding in Murphy v. City of Jacksonville, supra, which were rendered prior to enactment of the Municipal Home Rule Powers Act. Thus, I am of the opinion, until legislatively or judicially determined otherwise, that the legislative body of a municipality possesses the power to offer rewards for information which would lead to the arrest and conviction of violators of felony statutes when such violations occur within the municipality.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General